MAYS *v.* RITCHIE GROCER COMPANY.

Opinion delivered April 30, 1928.

36

T. W. Hardy and J. P. Machen, for appellant.

T. J. Gaughan, J. T. Sifford, J. E. Gaughan and E. E. Godwin, for appellee.

HART, C. J., (after stating the facts). The main ground relied upon for a reversal of the judgment is that the court erred in giving an instruction asked by the defendant, which reads as follows:

"You are instructed that the fact that defendant's driver permitted the motor truck to continue to run while he was delivering packages or merchandise in the store cannot be considered by you as an element of negligence that will entitle plaintiff to recover damages from the defendant."

Under § 7425 of Crawford & Moses' Digest it is made unlawful to leave a motor vehicle without an attendant, upon any public highway, without shutting off entirely the motor, engines or engine. The section provides that any person violating this provision shall be fined in any sum not exceeding $25.

We are of the opinion that the court erred in giving the instruction above set forth. The general rule in this State is that, in an action for personal injuries, while the failure of a defendant to perform a duty imposed upon him by statute is evidence of negligence on his part, nevertheless such negligent conduct, in the absence of evidence showing it to have been the proximate cause of the injury complained of, furnishes no legal ground of complaint. *Bain* v. *Fort Smith Light & Traction Co.,* 116 Ark. 125, 172 S. W. 843, L. R. A. 1915B, 1021; *Ward* v. *Fort Smith Light & Traction Co.,* 123 Ark. 548, 185 S. W. 1085; and *Temple* v. *Walker,* 127 Ark. 279, 192 S. W. 200.

It is also the general rule in this State that, in order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the actual and probable consequence of the negligence,

and that it ought to have been foreseen in the light of the attending circumstances. *Meeks* v. *Graysonia, Nashville & Ashdown Rd. Co.,* 168 Ark. 966, 272 S. W. 360.

This court has also held that, to warrant a finding that negligence was the proximate cause of the injury, it is not necessary that the particular injury complained of should have been foreseen. If the act or omission is one which the party ought, in the exercise of ordinary care, to have anticipated as likely to result in the injury of others, it is liable for an injury proximately resulting therefrom, though it might not have foreseen the particular injury which did occur. *Standard Pipe Line Co., Inc.,* v. *Dillon,* 174 Ark. 708, 296 S. W. 52. In that case it was also held that whether defendant's negligence was the proximate cause of the injury sued for is ordinarily a question to be determined by the jury.

In the application of these well-settled principles of law, we think that the court erred in telling the jury as a matter of law that the fact that the defendant's driver permitted the engine of the motor truck to run while he was delivering groceries could not be considered as an element of negligence entitling the plaintiff to recover damages from the defendant. This was one of the facts in the case which the jury had a right to consider, along with the other facts and circumstances in the case, in determining the negligence or non-negligence of the defendant. The instruction as given tended to confuse and mislead the jury by withdrawing from their consideration a material fact in the case. Under the evidence introduced, the jury had a right to consider the fact that the defendant's driver left the engine of his motor truck running while he was delivering groceries, in determining whether the defendant was guilty of negligence in starting the motor truck without finding that the child was in front of it. We do not mean to say that the leaving of the engine of the motor truck running in violation of the statute constituted negligence *per se,* under the circumstances, but this was a fact to be considered by the jury along with the other facts and circumstances in determining whether the conduct of the

defendant's driver in not seeing the child before starting the truck was negligent.

Therefore the judgment will be reversed, and the cause will be remanded for a new trial.