RICELAND PETROLEUM COMPANY *v.* MOORE.

Opinion delivered December 10, 1928.

*J. A. Sherrill,* for appellant.

*George M. Chapline,* for appellee.

SMITH, J. Appellee was engaged in selling dental supplies, and he drove a small automobile over the State in calling on his customers. On November 11, 1927, as he was driving from Stuttgart to Pine Bluff, he had a collision with a truck which was being driven in the opposite direction, belonging to appellant, and driven

by Joe Campbell, as a result of which he sustained a very serious injury, and from the judgment awarding him damages to compensate his injury is this appeal.

As is usual in cases of this character, each party excused himself and blamed the other. The testimony is in hopeless conflict, but that offered on behalf of appellee was to the effect that, as he drove along the road, a colored man named Childs, who was walking in the same direction, and on the same side of the road, crossed over to the opposite side of the road, and, as the truck approached, being driven rapidly, Childs started back across the road, and Campbell turned his truck to his left and ran over on that side of the road, and in doing so ran into appellee's car. It was appellee's theory that, if Campbell had had his truck under control, or had remained on the right-hand side of the road, the collision would not have occurred, and that the collision did not occur until after the truck had been driven past the colored man.

Campbell denied that he was driving rapidly or that his truck was out of control. He testified that he saw Childs, and that no collision would have occurred had Childs not attempted to cross over to the opposite side of the road, which put him on Campbell's side, and, as Childs did this, witness turned his truck to the right, but, fearing that he would drive into the ditch and on top of Childs, he turned the truck back to the left, and, as he did so, Childs also started back across the road. Witness, seeing that he was about to strike Childs, turned further to the left to avoid striking Childs, and witness admitted that he knew, when he did this, he would collide with appellee's car, but, in the emergency thus created, he had to run over the man or run into the car, and he thought it better to strike the car than to run over the man. That, at the time of the collision, he was going very slow, having applied his brakes, and the colored man was not over three feet from his radiator when he bumped into appellee's car.

Oscar Sellig, who was riding in the truck, testified that when Childs came back across the road he was not over ten or twenty feet from the truck, and that Campbell turned first to the right and then to the left to dodge Childs, who also turned in the same directions, and that, if Campbell had not struck appellee's car, he would have struck the colored man.

Childs testified that he was walking on the right-hand side of the road, and saw the truck approach on the opposite side of the road, and that he did not know about the car behind him (appellee's car) until it was within about ten feet of him; that appellee's car frightened him, and he jumped over to the other side of the road, and, as he did so, Campbell turned the truck towards the ditch, and witness then turned back the other way, and so did Campbell; that neither car was running at an excessive speed; that he was frightened when he discovered the car behind him, and tried to get out of the way.

Over appellee's objection the court gave instructions numbered 3 and 4, reading as follows:

"No. 3. For the mutual protection of travelers upon a public highway, certain rules have grown up by custom through long continued use and practice, and are crystallized into law under which is designated in the books as 'the law of the road.' One of these rules is that travelers in meeting shall each bear or keep to the right. Travelers owe to each other the reciprocal duty of observing these rules, and a failure to exercise ordinary care to observe them, resulting in injury to another, will constitute actionable negligence.

"No. 4. You are instructed that, if you find from the evidence in this case that the plaintiff, L. C. Moore, on the 11th day of November, 1927, was traveling in his automobile on the highway going from Stuttgart to Pine Bluff, and that he met Joe Campbell, an agent of the Riceland Petroleum Company, in a car of said company, and on business of said company, going from Pine Bluff to Stuttgart, and that the plaintiff was on the right-hand

side of said road, and that defendant left the side of the road traveled by him, being the right-hand side, and negligently, carelessly, recklessly *or purposely* ran into the automobile occupied by the plaintiff, then he would be guilty of negligence, and the plaintiff would be entitled to judgment for all damages sustained to his car and by him personally.''

It is earnestly insisted that these instructions were erroneous and that the court erred in giving them.

Instruction numbered 3 is based upon the case of *Carter* v. *Brown,* 136 Ark. 31, 206 S. W. 73, where the court declared the law of the road to be ''that travelers in meeting shall each bear or keep to the right,'' but the court there said that this rule is not an inflexible one, and that ''emergencies may arise where, in order to escape from danger to one's self or to prevent injury to others, it will be not only excusable but perfectly proper to temporarily violate the general rule.''

Appellant insists that instruction numbered 3 ignores this exception, and permits a recovery upon the mere finding that the collision occurred while Campbell was over on the left side of the road, and we think the instruction is open to this objection, and that it is erroneous in this respect.

According to appellee, there was no emergency except that arising from Campbell's negligence in driving rapidly and in not putting his truck under control after he saw or should have seen that Childs was in a position of danger, and appellee insists that there would even then have been no collision had Campbell stayed upon his own side of the road.

It is the law, as was said in the case of *Wells* v. *Shepard,* 135 Ark. 466, 205 S. W. 806, that ''one cannot shield himself behind an emergency created by his own negligence;'' but the testimony presents the question whether Campbell's negligence created the emergency which prompted him to violate the abstract general rule of the road requiring him to keep to the right. If Campbell's negligence produced the emergency under

which he acted, he is liable for the consequences of his act, for at last it would be his negligence which caused the injury. But, if Campbell's negligence did not cause the emergency, the jury should be permitted to say whether, under the circumstances, Campbell was negligent in driving on the left side of the road.

In this connection it should be said that, if appellee was guilty of negligence causing or contributing to his injury, he cannot recover.

Instruction numbered 4 told the jury that if Campbell, "being on the right-hand side, negligently, carelessly, recklessly or *purposely* ran into the automobile occupied by the plaintiff, then he would be guilty of negligence, and the plaintiff would be entitled to judgment for all damages sustained to his car and by him personally."

Specific objection was made to the portion of this instruction which told the jury that plaintiff should recover if defendant purposely ran into appellee's automobile, there being no testimony to show that Campbell had acted maliciously, and it being admitted by him that he drove into the car to avoid striking the man.

What was said about instruction numbered 3 is applicable here. If Campbell was not otherwise negligent, negligence cannot be predicated upon the fact that Campbell chose to strike the car rather than the man when one collision or the other was unavoidable. If Campbell's negligence rendered it necessary for him to make this choice, he is liable for the damages resulting from his choice, for the reason that "one cannot shield himself behind an emergency created by his own negligence;" but, if Campbell was not guilty of negligence producing the emergency, he would not be liable for the consequences of his choice, unless there was negligence in making his choice, a contention which is not here made.

For the error in giving instructions numbered 3 and 4 the judgment must be reversed, and it is so ordered.