HERRING *v.* BOLLINGER.

Opinion delivered May 26, 1930.

*Cravens & Cravens,* for appellant.

*J. Seaborn Holt,* for appellees.

BUTLER, J. The occurrence out of which this litigation arises was a collision between the automobile of the appellant and a truck of the appellee at the intersection of North 13th and "O" Streets in the city of Fort Smith, Arkansas. The testimony of the appellee, which was corroborated by other testimony, tended to show that one Walter Standard, the employee of the appellee, was driving a new Chevrolet truck loaded with gravel and traveling north on 13th Street which intersects "O" Street at right angles. "O" Street runs from east to west. The appellee was going at a moderate rate of speed, not greater than twelve or fifteen miles per hour. When within about fifteen feet of "O" Street, he saw the appellant's car about a block and a half away traveling west and coming at a very rapid rate of speed. Appellee looked then in the opposite direction to see if any other car was approaching, continuing to drive until he was well within the intersection of 13th and "O" Streets when the appellant's car, still advancing at a high rate of speed and without pause, collided with his truck demolishing it and scattering its contents over a considerable space in the vicinity. "O" and 13th Streets, at and near the point of collision, was a residential section of the city.

There was testimony on the part of the appellant contradicting the testimony of the appellee, and to the effect that the appellant was not driving at an unusual or rapid rate of speed, and that the speed did not exceed twenty miles per hour; that appellee's automobile had

reached the intersection of 13th and "O" Streets and the truck was approaching from his right-hand on 13th Street; that he tried to avoid the collision by turning to the left, but was unable to do so and the truck struck the side of his automobile at the right front door, badly damaging it and injuring the appellant.

There was testimony tending to impeach the credibility of the appellant. At the conclusion of all of the testimony the court, over the objection and exception of the appellant, gave instructions numbered one and two at the request of the appellee, and refused to give instruction B requested by the appellant, to which action exceptions were duly saved. The jury returned a verdict for the appellee and the court entered judgment in accordance therewith, from which judgment this appeal has been duly prosecuted.

The appellant assigns as error the giving of instructions 1 and 2 at the instance of the appellee, which instructions are as follows:

"No. 1. You are instructed that:

"Sec. 8. Speed Generally. No person shall drive a vehicle upon any public street or highway in this city at a greater rate of speed than is reasonable or proper, having regard to the traffic and the use or condition of the way, or so as to endanger the life or limb or injure the property of any person. If the rate of speed of any vehicle operated in a resident district exceeds twenty miles an hour, such a rate of speed shall be *prima facie* evidence that the person operating the vehicle is running at a speed greater than is reasonable and proper, having regard to the traffic and the use and condition of the way."

"If you find from the evidence in this case that the defendant, Joe Herring, was operating his automobile along and upon North "O" Street, this city, in a resident section at a speed greater than twenty miles per hour, then I instruct you that such rate of speed is *prima facie* evidence that he was operating his car at a speed

greater than is reasonable and proper, having due regard for the traffic and the use and condition of the way. And, if you find that such speed was the proximate cause of the collision and damages, if any, proved by the evidence, then you should return a verdict for the plaintiff. You are instructed that a resident district, as used in these instructions, means a territory contiguous to a highway not comprising a business district when the frontage on such highway or street for a distance of three hundred feet or more is mainly occupied by dwellings or by dwellings and buildings in use for business.''

''No. 2. You are instructed that:

'' (a) The drivers of vehicles approaching a street intersection at approximately the same time shall give the right-of-way to the vehicle approaching from the right. So that, if you find from the evidence in this case that the plaintiffs' employee and driver, Walter Standard, was driving plaintiff's automobile truck along and upon North 13th Street in a southerly direction at a point where North 13th intersects ''O'' Street, and you further find that the plaintiff's automobile truck and the defendant's automobile reached said intersection at approximately the same time, then I instruct you that the plaintiff's automobile truck and the driver thereon, Walter Standard, had the right-of-way over the defendant, and that it was the duty of the defendant, Joe Herring, to yield said right-of-way to plaintiff's driver. And if you find that defendant failed to yield said right-of-way, and that this was the proximate cause of the collision and of the damages resulting from said collision, if any, then I instruct you to return a verdict for the plaintiffs.''

It is insisted that instruction No. 1 contains three prejudicial errors:

(a) That the statement in the instruction that the running of a motor vehicle in a resident district in excess of twenty miles an hour is *prima facie* evidence that the operator of the vehicle is running at a

greater rate of speed than is reasonable and proper is in conflict with the statute. We do not agree with the appellant. By paragraph 7 of § 4 Act No. 223, Acts of 1927, the speed in resident districts is fixed not to exceed twenty miles an hour unless otherwise fixed by local authority, and by paragraph 8 of that act thirty-five miles is fixed as the speed limit under all other conditions. Immediately following paragraph 8 is this language: "It shall be *prima facie* unlawful for any person to exceed any of the foregoing speed limitations except as provided in subdivision 'c' of this section." (Subdivision "c" authorizes the local authorities by ordinance to increase the speed limit).

The statement of the instruction was in line with the language of the statute and was correct.

(b) It is further insisted that the instruction is objectionable because it tells the jury to find for the plaintiff if the violation of the statute was the proximate cause of the collision and damage, without requiring the jury to find whether the appellant was negligent in failing to comply with the law. We think this objection is well taken, for it was a declaration in effect that violation of a traffic law was *per se* negligence, whereas violation of the law merely cast upon the appellant the burden of showing that under the circumstances he was acting with ordinary care notwithstanding the violation of the law. It is not enough that the violation of the statute be the proximate cause of the injury, but it must also appear that this violation of the law was negligence, which question should have been submitted to the jury. Of course, if a violation of any statute was not the proximate cause of the injury, there could be no legal ground for complaint, but where such violation is the proximate cause of the injury the burden rests upon the party offending to show by a preponderance of the testimony that under the facts and circumstances of the case the conduct of such party was not negligence. If it is so shown, there can be no liability, even though the violation of the law

might have occasioned the injury. That the appellant was driving at a speed greater than twenty miles per hour was one of the facts in the case which the jury had a right to consider along with the other facts and circumstances in determining whether or not he was negligent. *Mayes* v. *Ritchie Gro. Co.*, 177 Ark. 305; *Pollack* v. *Hamm*, 177 Ark. 348. But, as we construe the instruction, the right to consider any other circumstances was withdrawn from the jury, leaving them only to determine the negligence of the appellant from the single fact of the rate of speed at which he was driving.

(c) The further contention is made that the instruction was prejudicial because it assumed that the collision took place in a resident district without any proof having been adduced to establish that fact. Without reviewing at length the testimony on this question which is not very clear, we think there was enough testimony to submit that issue to the jury, and the instruction in this respect was not erroneous.

Instruction No. 2 is erroneous for the same reason as instruction No. 1, *supra,* in that it tells the jury that a violation of the traffic law with respect to drivers of vehicles approaching a street intersection in effect is negligence, and that if a violation of such law was a proximate cause of the injury they should find for the plaintiff. What we have said as to instruction No. 1 above is applicable to instruction No. 2. Appellees argue that if these instructions were erroneous in the particular discussed this error was cured by the giving of instruction No. 8 at the request of the appellant, by which the jury were told that the violation of the traffic law was not of itself necessarily evidence of negligence, but that the same, if any, might be so considered by the jury in connection with other circumstances disclosed by the evidence. This instruction is in conflict with instructions 1 and 2. By instruction No. 1 as we have seen, the jury are virtually told that the violation of the law was negligence, while instruction No. 8 not only told the jury in

effect that the violation of the traffic law is not of itself negligence but that it is not even "of itself necessarily evidence of negligence." We think that instruction No. 8 is not correctly phrased. The jury might well have been instructed that a violation of the traffic law is not of itself necessarily negligence, but to say that it is not necessarily evidence of negligence is incorrect. It *is* evidence of negligence, the weight and sufficiency of which, tested by the light of surrounding circumstances, is a question for the jury.

In *St. L. I. M. & S. R. Co.* v. *Rogers,* 93 Ark. 564, we held that where "the instructions given may be apparently conflicting, if, from the language used or the relation which the instructions are made by the whole charge to bear toward each other, it is readily seen that they are to be read together without conflict and as a harmonious whole, and they can be so read, then it is our duty to so treat them." In the case at bar instruction No. 8 is wholly disconnected from instructions 1 and 2, and it is not at all evident that they are to be read together and as a harmonious whole, for they cannot be so read because they are irreconcilable with each other.

In *Garrison Co.* v. *Lawson,* 171 Ark. 1122-5, we referred to the case of *St. L. I. M. & S. R. Co.* v. *Rogers, supra,* and quoted with approval therefrom as follows: "Separate and disconnected instructions, each complete in itself and irreconcilable with each other, cannot be read together so as to modify each other and present a harmonious whole."

We have seen, therefore, that instructions No. 1 and No. 2 are not only erroneous, but prejudicial.

There is another vice in these instructions which has not been briefed by the appellant, but, as there must be a new trial of this case, we think proper to mention it. As a defense to the action appellant pleaded the negligence of the servant of the appellees in bar, and on this issue introduced testimony and submitted the issue to the jury by instruction No. 7 given on motion of the

appellant. In instructions 1 and 2 this issue was ignored. "An instruction which ignores a material issue in the case about which the evidence is conflicting and allows the jury to find a verdict without considering that issue, is misleading and prejudicial, even though another instruction which correctly presents that issue is found in other parts of the charge." *St. L. I. M. & S. R. Co.* v. *Rogers, supra.*

In the case of *Temple Cotton Oil Co.* v. *Skinner*, 176 Ark. 17, we said: "We all agree that an instruction should be complete in itself when it undertakes to tell the jury when a verdict should be returned for the plaintiff, and that the trial court should not instruct the jury that it must find for the plaintiff or the defendant, as the case might be, upon a partial or incomplete statement of the law applicable to the material facts of the case. * * * The result of our views is that it is established as a settled law of this State by the decision in *Garrison Co.* v. *Lawson*, 171 Ark. 1122, and *Natural Gas & Fuel Co.* v. *Lyles*, 74 Ark. 146, that an instruction is inherently erroneous, and therefore prejudicial, which leaves out of consideration the plaintiff's contributory negligence * * * and leaves to the jury the determination of the defendant's conduct as the sole issue of the jury's verdict, by concluding with the phrase, "you will find for the plaintiff," since, under the evidence, the conduct of the plaintiff as well as that of the defendant is essential to a proper verdict."

In *Murray* v. *Jackson*, 180 Ark. 1144, we held that "the word 'intersection' does not mean the point where two automobiles approaching at right angles would meet if they continued on their course, nor the point where the middle or center line of the two streets would cross each other, but the space occupied by the two streets where they cross each other, the whole space between the lines of the two streets." The appellant requested an instruction B in which he attempted to define the word "intersection" under the rule an-

nounced in *Murray* v. *Jackson, supra.* The requested instruction was as follows: "Under the evidence in this case, you are instructed that the word 'intersection' as used in the other instructions of the court means that space on North "O" Street between the east line of 18th Street and the west line of 13th Street." The appellant calls attention to the peculiar alignment of "O," 18th and 13th Streets and insists that the definition requested conformed with the rule stated. We have examined the plat, and do not agree with the appellant in this contention, but think the intersection in this particular case is the space in "O" Street within the east and west lines of 13th Street extended to and across said "O" Street, and the court's refusal to give the instruction as requested was not error.

As we have already said, this case must be remanded for a new trial, and we therefore desire to call attention to another instruction which is incorrect, namely, instruction No. 17 on the measure of damages. This instruction is almost identical with one condemned in the case of *Kansas City Sou. Ry. Co.* v. *Biggs, ante* p. 818 decided this date. We refer to that decision for a discussion of the error and for citation of authority.

The evidence in this case was ample to support the verdict of the jury, but the appellant was entitled to have his theory of the case fairly and correctly presented to the jury, and since, as we have seen, the instructions before criticized were erroneous and prejudicial, the judgment of the trial court will be reversed, and the cause remanded for a new trial.