WHITE COMPANY *v.* J. E. THOMPSON MOTOR EXPRESS CO.

Opinion delivered June 30, 1930.

*Frauenthal, Sherrill & Johnson,* for appellant.

*Brooks Hays* and *McMillen & Scott,* for appellee.

McHANEY, J. Appellees sued appellant for damages to the truck and cargo of appellee, J. E. Thompson Motor Express Company, hereinafter called the express company, and appellant cross-complained against it for damages to its truck, resulting from a collision on the intersection of Eighth and Pulaski Streets in the city of Little Rock. The truck of the express company was traveling west on Eighth Street, while that of appellant was traveling north on Pulaski. The west-bound truck had the right of way over the north-bound truck if they approached the intersection at approximately the same time, under the city ordinance. According to the testimony of appellees' witnesses, the driver of the express company truck was traveling at a moderate rate of speed, on the right side of the street, and reached the intersection of Eighth and Pulaski ahead of the other truck, and that appellant's truck, traveling at a rapid rate, failed to yield the right of way, but negligently continued on into the intersection, striking the express company truck amidship, turning it over, and causing great damage to the truck and cargo. According to the testimony of appellant's witnesses, the reverse is true; that its driver was proceeding north at a moderate rate of speed, reached the intersection ahead of the other truck, and was nearly across the intersection when the express company truck rapidly and negligently ran in front of its truck, striking same about the middle of the right front wheel and causing considerable damage thereto. There was a verdict and judgment for appellees.

Appellant first contends that the verdict was not supported by the evidence. We think it unnecessary to set

out the evidence in detail, but the substance of it is as briefly stated above. The evidence is in sharp conflict and was sufficient to support a verdict either way. Being purely a question of fact with substantial evidence to support it, the verdict of the jury must stand.

It is next said the testimony does not support the amount of damages recovered. The verdict and judgment were for $656.54. Mr. Critz, secretary of the express company, testified that they paid $520.65 for the damage done to the truck. He submitted an itemized statement of the amount of repairs necessary and that were done, totaling the above sum. He also testified, submitting an itemized statement, to the damage done to the cargo totaling $135.89. The total of these two items is the amount of the verdict. We think his testimony was sufficient to support the amount of the verdict.

Appellant next says that the court erred in giving instruction No. 1 requested by appellees for the reason that, without covering all the issues in the case, it instructed the jury to find in favor of the plaintiff. Appellant fails to point out any issue in the case not covered, and we fail to perceive any from an examination thereof.

Complaint is also made of instruction No. 2 for appellees on the measure of damages. It told the jury that the appellees were entitled to recover the actual cash value of the merchandise destroyed and the reasonable cost of repairing its truck in the event there was a verdict in its favor. The objection made to this instruction is that the damage to the merchandise was the difference between its value before and after the collision. The instruction did not relate to damaged merchandise, but to merchandise that was destroyed. The instruction is also criticised because it does not tell the jury that the cost of repairing the truck should be only such cost as was occasioned by the collision. We think the instruction necessarily means this. If appellant had thought it open to this construction, it should have made a specific objection thereto.

74

It is finally insisted that the court erred in refusing to give its requested instruction No. 5, which would have told the jury that if its truck was being driven at a lawful rate of speed and that it was the first truck to enter the intersection, its truck had the right of way "and it was negligence on the part of plaintiff's driver to drive into the intersection in front of the defendant's truck." The court correctly refused this instruction. It was inherently wrong in telling the jury that, if appellant's truck reached the intersection first, it was negligence for the driver of the other truck to attempt to pass in front of him, without taking into consideration the other facts and circumstances in the case, and it was in conflict with instruction No. 1, already discussed. *Mays* v. *Ritchie Gro. Co.,* 177 Ark. 35, 5 S. W. (2d) 728; *Pollock* v. *Hamm,* 177 Ark. 348, 6 S. W. (2d) 541; *Herring* v. *Bollinger,* 181 925, 29 S. W. (2d) 676.

We find no error, and the judgment is accordingly affirmed.