Hurley *v.* Gus Blass Company.

4-4038

Opinion delivered December 2, 1935.

*W. R. Donham,* for appellants.

*Isgrig & Robinson,* for appellee.

Humphreys, J. This suit was brought by appellants against appellee in the circuit court of Pulaski County to recover damages for an injury received by one of appellants, Mrs. Blanche B. Hurley, in a fall when about to enter one of the elevators in the business house of appellee, on account of the alleged defective condition of the floor in front of the elevator which she was about to enter. The specific allegation as to the

condition of the floor and the manner in which it caused her to fall is as follows:

"Said floor, at the time plaintiff fell and received her injuries, was sloping in places. Some of the floor boards were cracked, and there were raised joints in the floor, the ends of some of the boards being raised higher than the boards adjoining them. Because of said defects, the sole and heel of plaintiff's shoe caught upon the floor, and she was thereby violently thrown and caused to fall, which fall resulted in her injuries."

Appellee filed an answer to the complaint denying each and every material allegation therein, and also pleaded contributory negligence on the part of appellants as a bar to recovery, even if injured in the manner alleged.

The testimony introduced by the respective parties upon the questions of negligence and contributory negligence was conflicting, and the issues of fact relative to both questions were submitted to the jury under instructions of the court, resulting in a verdict for appellee and a consequent judgment dismissing appellant's complaint, from which is this appeal.

Appellants first contend for a reversal of the judgment because the court gave appellee's requested instruction No. 2, which is as follows:

"Reasonable or ordinary care as used in these instructions means that degree of care which a careful and prudent person would exercise under like or similar circumstances."

It is argued by the use of the word "careful" in the instruction, a higher degree of care was required on the part of Mrs. Blanche B. Hurley than the law requires. It perhaps may have been more accurate to have omitted the word "careful." The words "careful" and "prudent," in referring to the conduct of an ordinary person, are commonly used in the same sense and could not have misled the jury. " 'Prudent' and 'cautious' are used interchangeably in defining negligence; the difference, if any, between the two being infinitesimal." *Malcolm v. Morresville Cotton Mills,* 191 N. C. 127, 133 S. E. 7, 9; *Southwest T. T.* v. *Sanders,* Tex. Civ. App.,

138 S. W. 1181-1184. Appellee's requested instruction No. 2 was not inherently erroneous.

Appellants also contend for a reversal of the judgment because the court gave appellee's requested instruction No. 5, which is as follows:

"You are instructed that you are not to indulge in the presumption that the defendant was guilty of negligence simply because the plaintiff, Mrs. Hurley, sustained a fall and injury in defendant's store, but the burden of proof is upon the plaintiff to show by a preponderance of the evidence that her fall was occasioned solely through a defective condition of the floor of defendant's store, and that the condition of defendant's floor was such that a person of ordinary prudence would not have allowed it to exist."

It is argued that this instruction is erroneous because, by using the word "solely," the right of appellants to recover is restricted to the defective condition of appellee's floor. The restriction was proper because this was the only allegation of negligence set up in the complaint against appellee, and the only thing which Mrs. Blanche B. Hurley testified caused her to fall. Appellee's requested instruction No. 5 was a correct declaration of law applicable to the facts.

Appellant's next and last contention for a reversal of the judgment is that the court erred in giving appellee's requested instruction No. 10, which is as follows: "You are instructed that it was the duty of Mrs. Hurley to exercise ordinary and reasonable care for her own safety while in defendant's store, and if you find that she negligently failed to use reasonable care for her own safety and her failure to use such care, if any, contributed in any degree, however slight, to her injury, then she cannot recover damages from the defendant."

Appellants argue that the instruction is inherently erroneous because it contains the words "any degree, however slight." The words were correctly inserted in the instruction. This court said in the case of *Little Rock & Fort Smith Ry. Co.* v. *Miles,* 40 Ark. 298-332, that:

"The test of contributory negligence is, did the negligence contribute in any degree to produce the injury complained of?"

Appellee's requested instruction No. 10 was a correct declaration of the law applicable to the facts.

No error appearing, the judgment is affirmed.