SHIPP *v.* MISSOURI PACIFIC TRANSPORTATION Co.

4-5266                                                             122 S. W. 2d 593

Opinion delivered November 28, 1938.

*J. B. Dodds* and *Wayne W. Owen,* for appellant.
*C. E. Yingling,* for appellee.

GRIFFIN SMITH, C. J.    Appellant, riding on the back seat of an automobile driven by his brother, was injured

when a collision occurred where East Third and Locust streets in North Little Rock intersect. There was substantial evidence to support the jury's verdict in favor of the Transportation Company.

It is insisted by appellant that Instructions numbered 9, and 9½, given at the request of appellee,. are erroneous. Appellant also urges that a safety ordinance of the city of North Little Rock, two sections of which were introduced over objections, was inadmissible because it is in conflict with statutory pronouncements on the same subject by.the state.

Subdivision "b" of § 64 of act 300, approved March 23, 1937, is: "Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered." Section 71 of the same act reads: "The driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard, but said driver, having so yielded and having given a signal when and as required by this act, may make such left turn, and the drivers of all other vehicles approaching the intersection from said opposite direction shall yield the right-of-way to the vehicle making the left turn."

Section 2 of the city ordinance directs that "All vehicles approaching an intersection of the public highway with the intention of turning thereat shall, . . . in turning to the left, run beyond the center of such intersection before turning such vehicle to the left." Section 18 is: "When two vehicles approach one another on the same street going in opposite directions, and the driver of one or both of the vehicles desires to turn off said street, the vehicle which continues on the street in the original direction has the right-of-way over the vehicle turning off."

There is no practical difference between quoted sections of .the ordinance and the statute. Applying direc-

tions of act 300 to the instant case, we have the following situation: Third street runs east and west. Locust street runs north and south. Shipp, traveling toward the east, entered the street intersection with an intent to turn left (west) on Locust street. He was required to approach the intersection "in that portion of the right half of the roadway nearest the center line thereof"— the north portion of the south half of Third street. Appellee's bus, proceeding west on Third street, likewise approached the intersection, or was within the intersection. Section 71 required Shipp to yield to the bus if the latter was "within the intersection or so close thereto as to constitute an immediate hazard." This meant that Shipp should not have attempted a left turn until the position of the bus ceased to be a hazard.

Section 18 of the ordinance authorized "the vehicle which continues on the street in the original direction" to anticipate a right-of-way, and this merely means that Shipp should not have turned left in the intersection while the bus was within such intersection or so near it as to constitute an immediate hazard. Section 2 of the ordinance directed Shipp to go beyond the intersection before turning left. Difference between the legislative act and the ordinance is that the act required Shipp to delay his turn if the bus was so near as to constitute a hazard. The ordinance gave the bus the right-of-way. The distinction appellant undertakes to draw is more theoretical than real, and goes to the use of terms rather than effect.

Instructions complained of are:

"You are instructed that, under the provisions of the ordinances of the city of North Little Rock where the accident complained of by the plaintiff occurred, it is provided that 'when two vehicles approaching one another on the same street going in opposite directions, and the driver of one of the vehicles desires to turn off said street, the vehicle which continues on the street in the original direction has the right-of-way over the vehicle turning off.' So in this case if you find that the automobile of the plaintiff and the bus of the defendant were approaching each other on the same street, going in op-

posite directions, and that plaintiff desired to turn off of said street while the defendant's bus had the right-of-way over the automobile of the plaintiff; and if the act of plaintiff in turning off of said street contributed to or caused the accident and injury and damage to plaintiff, if you find he sustained any injury and damage, then plaintiff cannot recover and your verdict should be for the defendant.''

''You are instructed that under the provisions of the ordinance of the city of North Little Rock which has been introduced in evidence it is provided that 'all vehicles approaching an intersection of the public highway with the intention of turning thereat, shall, . . . in turning to the left, run beyond the center of such intersection before turning such vehicle to the left.' So in this case if you find that the automobile of the plaintiff and the bus of the defendant were approaching each other on the same street or highway, going in opposite directions, and the plaintiff undertook to and did start to turn off of said street into Locust street and to his left and did not run beyond the intersection of said street before turning his automobile to the left, and that such act on the part of the plaintiff contributed to or caused the injuries and damage he sustained, if any, then plaintiff cannot recover and your verdict will be for the defendant.''

To each of the instructions appellant objected generally and specifically. As to the first his specific objection was: ''The instruction is not based on any proper evidence, and [further] is based upon a void ordinance, . . . and because said instruction is incomplete in that it tells the jury that under any and all circumstances the driver intending to turn off of a street at an intersection shall . . . yield the right-of-way to the other vehicles coming in an opposite direction on such street which do not turn off at such intersection.''

Objection to the second instruction was: ''It is not based upon any proper evidence, [and, further] is based upon a void ordinance. . . . Said instruction is incomplete in that it tells the jury that under any and all circumstances the driver intending to turn off a street at

an intersection . . . shall . . . in turning to. the left run beyond the center of such intersection before turning such vehicle to the left, which is. in conflict with the law of the state, and is void as a result thereof.''

It is the settled rule in this state that violation of a traffic law, whether promulgated by municipal or state authority, may be shown, but the fact that such law has been violated at a time and in circumstances which give rise to a contention that injury has been occasioned thereby is not to be asserted as creating liability as a matter of law. Such violation is evidence of negligence, but is not conclusive of the issue. *Pollock* v. *Hamm,* 177 Ark. 348, 6 S. W. 2d 541; *Mays* v. *Ritchie Grocer Co.,* 177 Ark. 35, 5 S. W. 2d 728; *Hovley* v. *St. Louis-San Francisco Ry. Co.,* 193 Ark. 580, 102 S. W. 2d 845. An instruction directing the jury to find for or against a plaintiff or defendant on the sole ground that a traffic law has been violated is erroneous. In *Carter* v. *Brown,* 136 Ark. 23, 206 S. W. 71, in an opinion written by Mr. Justice WOOD, the law was declared to be: ''Travelers owe to each other the reciprocal duty of observing [the law of the road], and a failure to exercise ordinary care to observe them, resulting in injury to another, will constitute actionable negligence.'' This case was cited in *Riceland Petroleum Co.* v. *Moore,* 178 Ark. 599, 12 S. W. 2d 415, with the explanation that the court, in the earlier case, recognized that the rule was not an inflexible one, and that emergencies might arise where, in order to escape from danger to one's self or to prevent injury to others, it would not only be excusable, but perfectly proper, to temporarily violate the general rule.

In *Herring* v. *Bollinger,* 181 Ark. 925, 29 S. W. 2d 676, in an opinion written by Mr. Justice Butler, we said: ''It is further insisted that the instruction is objectionable, because it tells the jury to find for the plaintiff if the violation of the statute [relating to speed] was the proximate cause of the collision and damage, without requiring the jury to find whether the appellant was negligent in failing to comply with the law. We think this objection is well taken, for it was a declaration in effect that violation of a traffic law was *per se* negligence,

whereas violation of the law merely casts upon the appellant the burden of showing that under the circumstances he was acting with ordinary care, notwithstanding the violation of the law."

Did instructions 9, and 9½ declare, as a matter of law, that violation of the ordinance would bar appellant from recovering, and did it take from the jury the question whether appellant was negligent?

Instruction No. 9, after calling attention to the provisions of § 18 of the ordinance, left to the jury's determination (1) whether the automobile and the bus were approaching each other on the same street; (2) whether they were going in opposite directions; (3) whether the plaintiff desired to turn north on Locust street from East Third; (4) whether, if plaintiff did make such turn, defendant's bus had the right-of-way, as distinguished from appellant's right to turn, and in so doing to cut across in front of the bus, and (5) whether plaintiff did, in fact, turn to the left; and, if so, did such act of turning "contribute to or cause the accident."

Instruction No. 9½ referred the same considerations, but did not submit whether the bus had the right-of-way.

It is insisted that *White Company* v. *E. J. Thompson Motor Express Company,* 182 Ark. 71, 29 S. W. 2d 674, is conclusive of appellant's position. In that case, however, the court told the jury that if [the truck] was being driven at a lawful rate of speed, and it was the first [of the two motor vehicles involved] to enter the street intersection where the accident occurred, the truck had the right-of-way, "and it was negligence on the part of plaintiff's driver to drive into the intersection in front of the defendant's truck." It will be observed that the judge told the jury that the particular act constituted negligence.

The instant case is different in that the court did not tell the jury that violation of the ordinance was negligence *per se.* The jury was not told that appellant's act in turning to the left before reaching the intersection was negligence. It was not told that any particular conduct considered separately from other elements did in

fact occur, or that it did not occur; or that, if the jury found such conduct did or did not occur, it would, or would not, constitute negligence. Stripped to its pertinent parts, the instruction told the jury what the terms of the ordinance were, but the court did not say that a violation of those terms would prevent the plaintiff from recovering damages. It mentioned certain acts, as to the commission of which there was substantial testimony, and then said that if such acts were committed, and "if they contributed to or caused the injuries and damage, if any, then plaintiff cannot recover."

In *Hurley* v. *Gus Blass Company*, 191 Ark. 917, 88 S. W. 2d 850, we said: "Appellant urges that the instruction is inherently wrong, because it contains the words, 'any degree [of negligence], however slight.' The words were correctly inserted in the instruction. This court said in the case of *Little Rock & Fort Smith Ry Co.* v. *Miles*, 40 Ark. [at page 322], 48 Am. Rep. 10, that 'The test of contributory negligence is, did the negligence contribute in any degree to produce the injury complained of.' "

We have not overlooked appellant's urged assignment that the instruction did not include such an expression as, "And if you further find that appellant was negligent."

Conformity to the stricter dogmas of technical construction would have been realized if the jury had been expressly directed to find whether plaintiff's act was one of negligence. But that is exactly what the jury did determine. This determination was made in the light of facts and circumstances which acquired evidential value because of the substantial nature of the testimony, and they were considered under instructions not susceptible of misunderstanding.

To reverse this judgment and remand the cause for want of a prescript which could not enlighten the jury by even a shadowy quantum would be placing ritual above substance.

Affirmed.

HUMPHREYS, MEHAFFY and DONHAM, JJ., dissent.

DONHAM, J. (dissenting). The majority has held that the traffic ordinance of the city of North Little Rock introduced in evidence does not differ materially from the state traffic statute. With this holding, I am in accord.

The majority has further held that instructions Nos. 9 and 9½, given at the request of appellee, are correct instructions. To this holding, I cannot agree.

The court in said instruction No. 9½ told the jury: "So in this case if you find that the automobile of the plaintiff and the bus of the defendant were approaching each other on the same street or highway, going in opposite directions, and the plaintiff undertook to and did start to turn off of said street into Locust Street and to his left and did not run beyond the center of the intersection of said streets before turning his automobile to the left, and that such act on the part of the plaintiff contributed to or caused the injuries and damage he sustained, if any, then plaintiff cannot recover and your verdict will be for the defendant."

Instruction No. 9 did not differ materially from instruction No. 9½. Both were to the effect that if appellant violated the city ordinance and this violation contributed to his injury, he could not recover. Hence, the effect of each of the instructions was to make a violation of the city traffic ordinance negligence *per se*. This court has many times held that violations of a city traffic ordinance, as well as violations of the state traffic statute, do not constitute negligence *per se*, but that such violations are only *prima facie* evidence of negligence.

In the case of *White Co.* v. *J. E. Thompson Motor Express Co.*, 182 Ark. 71, 29 S. W. 2d 674, this court said: "It is finally insisted that the court erred in refusing to give its requested instruction No. 5, which would have told the jury that if its truck was being driven at a lawful rate of speed and that it was the first truck to enter the intersection, its truck had the right-of-way 'and it was negligence on the part of plaintiff's driver to drive into the intersection in front of the defendant's truck.' The court correctly refused this instruction. It was inherently wrong in telling the jury that, if appellant's truck reached the intersection first, it was negligence for

the driver of the other truck to attempt to pass in front of him, without taking into consideration the other facts and circumstances in the case, and it was in conflict with instruction No. 1, already discussed.'' Citing, *Mays* v. *Ritchie Gro. Co.*, 177 Ark. 35, 5 S. W. 2d 728; *Pollock* v. *Hamm*, 177 Ark. 348, 6 S. W. 2d 541; *Herring* v. *Bollinger*, 181 Ark. 925, 29 S. W. 2d 676.

In the case of *Herring* v. *Bollinger*, 181 Ark. 925, 29 S. W. 2d 676, the court had under consideration an instruction which told the jury that if the defendant was operating his automobile in a residential district at a speed greater than twenty miles per hour and such speed was the proximate cause of the collision and damages, the jury should return a verdict for plaintiff. This court held said instruction erroneous, in that it made the violation of the traffic law negligence *per se,* instead of leaving to the jury the question of whether such violation was negligence.

In the case of *Hammond* v. *Hamby*, 191 Ark. 780, 87 S. W. 2d 1000, this court said: ''According to the statement made in Huddy's Enc. on Automobile Law, Vol. 3-4, page 61, the great weight of authority is to the effect that a violation of the statute such as the above is negligence *per se,* but in this state the rule is that it is not negligence *per se,* but is evidence of negligence (*Mays* v. *Ritchie Gro. Co.*, 177 Ark. 35-37, 5 S. W. 2d 728), which casts upon the defendant the burden of proof to establish a compliance with the rule of conduct fixed by the statute, and which would be ordinary care within its meaning.'' Citing, *Herring* v. *Bollinger*, 181 Ark. 925, 29 S. W. 2d 676.

In its brief, appellee, speaking of its alleged negligence and the alleged contributory negligence of appellant, makes the following admission: ''The evidence adduced was sharply conflicting on these two issues and tended to show on behalf of the appellant that he was operating his automobile in a prudent manner and was not guilty of negligence, while the bus of the appellee was being driven at an unusual and excessive rate of speed. That appellant had the right of way at the street intersection where the accident occurred and that the collision

resulted from the fact that appellee's driver disregarded the fact that appellant had the right-of-way.''

If appellee is correct in this statement, and we believe it is, the case was one for the jury and it was important that the jury be properly instructed by the court in order that it might arrive at a proper conclusion.

Since the two instructions under consideration clearly made a violation of the city traffic ordinance negligence *per se* and not merely *prima facie* evidence of negligence, the instructions were inherently erroneous and, being prejudicial, the judgment of the court should be reversed.

MEHAFFY and HUMPHREYS, JJ., join in this dissent.