KENDRICK *v.* RANKIN.

4-9623                                    244 S. W. 2d 495

Opinion delivered December 17, 1951.

*John B. Gulley,* for appellant.

*R. C. Limerick, Jr.,* for appellee.

GRIFFIN SMITH, Chief Justice. Although the error thought by appellant to be sufficiently erroneous and prejudicial to justify a reversal is Instruction No. 7, it is necessary to show the essential facts in order to understand the instruction.

Ocus Rankin, with his wife and three children and a friend, were traveling in a general southernly direction toward Pine Bluff when Ocus, who was driving, observed a bus near the south end of the Biddle bridge. The bridge is a two-lane structure approximately 235 feet long and 18 feet wide. A center traffic line was marked on the bridge surface. Lawrence Kendrick was coming to Little Rock and testified that he followed the bus at a safe distance. The bus stopped approximately eight feet from the south end of the bridge, but Kendrick says that by that time he was within ten feet of it. In the meantime, however, he had undertaken to apply his brakes, but found that when the pedal was depressed it touched the floorboard without appreciable response. It was then that he realized the awkward situation he was in and concluded to cut around the bus, thinking he could clear it and get back to his own side of the highway—the east lane. He had seen a car approaching, but did not think it was close enough to interfere with the maneuver seemingly necessary to his safety. The water under the bridge was at a high level and any attempt to turn from the road would have been impracticable.

Kendrick testified that he was not going at an excessive rate of speed, and he thought the oncoming car was traveling at about the same rate. Rankin, whose car was struck in the left front, testified that when he saw Kendrick's car he (Rankin) was proceeding at about twenty miles an hour and that he slowed as quickly as mechanical equipment and physical reaction would permit. The jury found that Kendrick was at fault, that

Rankin was not contributorily negligent, and that damages to the Rankin car and personal injuries suffered by husband and wife were $1,158.16.

Instruction No. 7 told the jury that a motorist has the right to assume that the driver of another automobile will obey traffic laws and exercise due care for his own safety and the safety of others; and, if the motorist acts upon this assumption there is an absence of contributory negligence. "Therefore," says the instruction, "if you find from a preponderance of the evidence that Rankin was driving his car across the Biddle bridge in a lawful and proper manner, facing a bus which had stopped to allow his passage, and there was nothing in the situation then present to warn him as a reasonably prudent person of imminent danger, he could assume that his traffic lane would remain clear, and he would not be guilty of contributory negligence under such circumstances, in acting on such assumption."

It is argued, first, that the instruction is ambiguous and abstract, and secondly that it is an incorrect statement of the law.

The first contention is untenable for want of a specific objection. The second almost trespasses the borderline to fall within that class of cases where an instruction has been held to be inherently wrong, requiring nothing more than a general objection. In his brief appellant says that the instruction is in two paragraphs and inferentially permits the jury to attach undue importance to the closing expression regarding contributory negligence. Perhaps the original manuscript was paragraphically disconnected, but the bill of exceptions does not show this. There are separate sentences, but only one paragraph.

However, this would not be controlling. The instruction contains a number of *ifs* in the concluding statements complained of. It must be remembered that Kendrick testified in effect that Rankin's speed was not excessive, hence, under the second subdivision of the instruction the jury was permitted (a) to determine

whether Rankin was driving in a lawful manner, (b) whether anything in the physical situation with which he was faced was of a character to warn a reasonably prudent person of *impending* danger, and (c) if none of these elements was present Rankin would be justified in assuming that the traffic lane would remain clear.

The phase giving some concern is what might be termed the indefinite nature of this assumption—how long, as a matter of law, could a prudent person entertain this presumption? The instruction told the jury that Rankin would not be guilty of contributory negligence *under such circumstances* in believing he was safe.

We have often said that violation of a traffic safety statute or ordinance, such as the action of Kendrick in passing the bus, is evidence of negligence, and not negligence *per se*. Plaintiffs' Instruction No. 4 correctly states the law on this point. Instruction No. 5, given at the defendant's request, informed the jury that the plaintiff[s] could not recover because of Kendrick's negligence if it should also find that Rankin was negligent, provided such negligence by Rankin proximately contributed in any degree, however slight, to the happening of the accident and injuries.

For a discussion of analogous principles see *Hearn* v. *East Texas Motor Freight Lines,* ante, p. 297, 241 S. W. 2d 259. In *Rexer* v. *Carter,* 208 Ark. 342, we quoted from an Illinois case where it was held that the driver of an automobile has the right to assume that another driver (a collision being involved) will obey an ordinance prohibiting any vehicle from being driven onto any boulevard without first bringing such vehicle to a full stop, "and he is not guilty of contributory negligence in acting upon such assumption."

The phraseology in Instruction No. 7 is almost identical with wording we approved in the Rexer-Carter case. See, also, *Kirby* v. *Swift & Co.,* 199 Ark. 442, 134 S. W. 2d 865; *Coca Cola Bottling Co.* v. *Shipp,* 174 Ark. 130, 297 S. W. 856; *Arkansas Power & Light Co.* v. *Boyd,* 188 Ark. 254, 65 S. W. 2d 919.

Conceding as an abstract question of law that in giving an instruction it is best not to specifically mention physical objects, such as "facing a bus which had stopped to allow [Rankin's] passage," yet when all of the circumstances are considered it is inconceivable that the jury was misled regarding the degree of care Rankin was required to exercise, hence there could have been no prejudice.

Affirmed.

Mr. Justice HOLT dissents.

HOLT, J., (dissenting). I think the trial court erred in giving Instruction No. 7 (over appellant's objection and exceptions) as follows: "You are instructed that a motorist has the right to assume that the driver of another automobile will obey traffic laws and signals and exercise due care for his own safety and the safety of others and acting on such assumption is not contributory negligence.

"Therefore, if you find from a preponderance of the evidence that Ocus Rankin was driving his car across the Biddle Bridge in a lawful and proper manner, facing a bus which had stopped to allow his passage and there was nothing in the situation then present to warn him as a reasonable prudent person of impending danger, he could assume that his traffic lane would remain clear and he would not be guilty of contributory negligence under such circumstances, in acting on such assumption."

It appears that the court, prior to the giving of this instruction, had correctly defined negligence and contributory negligence in separate, proper instructions.

I think this instruction inherently erroneous and in effect was, on the weight of the evidence, an invasion of the jury's province, and a binding instruction by concluding paragraph 1 with "and such assumption is not contributory negligence," and in concluding the second paragraph with "he would not be guilty of contributory negligence under such circumstances, in acting on such assumption."

As I view it, this instruction clearly denied the jury the right to take into account *any* contributory negligence of appellees which would prevent recovery. Contributory negligence is always a question for the jury.

In *Arkansas Power & Light Company* v. *Boyd,* 188 Ark. 254, 65 S. W. 2d 919, this court held the following instruction to be a correct declaration of law: "You are instructed that the motorman in operating the street car, seeing the truck approaching the intersection, had the right to assume that the driver of the truck would recognize the paramount right-of-way of the street car and would operate his truck with ordinary care to protect himself, and would not attempt to cross the track at said intersection immediately in front of the approaching street car; *and the motorman had the right to go on with his street car with that presumption in his mind until he saw, or, in the exercise of ordinary care, could have seen the driver of the truck do something or his failure to do something which would indicate a contrary intention upon his part, and it then became his duty to stop his street car* if he could do so in time to avoid the accident, (*or to remain stopped* if he had not yet started to cross said street intersection)."

There, the late Justice FRANK SMITH pointed out that "the essence of this instruction is that one obeying the traffic rules has the right to assume that others will also obey them, and to proceed upon that assumption until he knows, or, in the exercise of ordinary care, should know, that the other party will not observe the traffic regulations."

In *Herring* v. *Bollinger,* 181 Ark. 925, 29 S. W. 2d 676, we held that the giving of an instruction similar in effect to that here involved was error; "(Headnote 2) AUTOMOBILES — VIOLATION OF TRAFFIC LAW — INSTRUCTION.—An instruction, in an action for damages received in a collision, that if defendant was operating his automobile in a residential district at a speed greater than twenty miles per hour, and such speed was the proximate cause of the collision and damages, the jury should return a verdict for plaintiff, *held* erroneous as making

the violation of the traffic law negligence *per se,* instead of leaving to the jury to consider such violation with the other facts and circumstances in determining whether defendant was negligent.

"(Headnote 3) TRIAL—CONFLICTING INSTRUCTIONS.— Separate and disconnected instructions, each complete in itself and irreconcilable with each other, cannot be read together so as to modify each other and present a harmonious whole.

"(Headnote 4) TRIAL—INSTRUCTION IGNORING IS-SUE.—An instruction which ignores a material issue in the case, about which the evidence is conflicting, and allows the jury to find a verdict without considering that issue, is misleading and prejudicial, even though another instruction which correctly presents that issue is found in other parts of the charge."

We said in *White County* v. *J. E. Thompson Motor Express Co.,* 182 Ark. 71, 29 S. W. 2d 674, [citing and reaffirming the Bollinger case above]: "It is finally insisted that the court erred in refusing to give its requested instruction No. 5, which would have told the jury that if its truck was being driven at a lawful rate of speed and that it was the first truck to enter the intersection, its truck had the right of way 'and it was negligence on the part of plaintiff's driver to drive into the intersection in front of the defendant's truck.' The court correctly refused this instruction. It was inherently wrong in telling the jury that, if appellant's truck reached the intersection first, it was negligence for the driver of the other truck to attempt to pass in front of him, without taking into consideration the other facts and circumstances in the case." See, also, *Sutton* v. *Webb,* 183 Ark. 865; 39 S. W. 2d 314; *Hammond* v. *Hamby,* 191 Ark. 780, 87 S. W. 2d 1000; *Pye* v. *Chicago, Rock Island & Pacific Ry. Co., et al.,* 193 Ark. 388, 100 S. W. 2d 254; and *Shipp* v. *Missouri Pacific Transportation Co.,* 197 Ark. 104, 122 S. W. 2d 593.

In the latter case, *Shipp* v. *Missouri Pacific,* in an opinion, written by the writer of the majority opinion

here, we find this language: "It is insisted that *White Company* v. *E. J. Thompson Motor Express Company,* 182 Ark. 71, 29 S. W. 2d 674, is conclusive of appellant's position. In that case, however, the court told the jury that if [the truck] was being driven at a lawful rate of speed, and it was the first [of the two motor vehicles involved] to enter the street intersection where the accident occurred, the truck had the right-of-way, 'and it was negligence on the part of plaintiff's driver to drive into the intersection in front of the defendant's truck.' It will be observed that the judge told the jury that the particular act constituted negligence. The instant case is different in that the court did not tell the jury that violation of the ordinance was negligence *per se.*" Again, the Bollinger case was cited and approved.

In view of the above authorities, it seems to me that a proper instruction would have been as follows: You are instructed that a motorist has the right to assume that the driver of another automobile will obey traffic laws and signals and exercise due care for his own safety and the safety of others and to proceed on that assumption until he knows, or, in the exercise of ordinary care, should know, that the other party will not observe the traffic regulations. Therefore, if you find from a preponderance of the evidence that Ocus Rankin was driving his car across the Biddle Bridge in a lawful and proper manner facing a bus which had stopped to allow his passage and there was nothing in the situation then present to warn him as a reasonable prudent person of impending danger, he could assume that his traffic lane would remain clear and proceed on that assumption until he knows, or, in the exercise of ordinary care, should know, that the other party will not observe the traffic regulations.

I would reverse and remand for a new trial.