STANLEY v. AETNA INSURANCE COMPANY.

Opinion delivered January 18, 1902.

1. WITNESS—IMPEACHMENT ON CROSS-EXAMINATION.—A plaintiff suing on a policy of fire insurance cannot be asked on cross-examination whether she did not previously own a house which was burned while insured, as such fact, if admitted, would not impeach her credibility.   (Page 108.)

2. SAME—IMPEACHMENT BY INDICTMENT.—In a suit on a policy of fire insurance to recover for the loss of an insured building, admission of evidence that plaintiff had been indicted for the burning of such building was reversible error.   (Page 111.)

Appeal from Jefferson Circuit Court.

JOHN M. ELLIOTT, Judge.

Reversed.

*White & Streett* and *Carroll & Pemberton,* for appellant.

The court erred in compelling appellant, on cross-examination, to testify as to the burning of her property in Louisville, Ky. 1 Greenl. Ev. § 52; 1 Tayl. Ev. § 317; 11 Am. & Eng. Enc. Law, 503; 65 Ark. 284; 109 Mass. 457; 18 N. Y. 589; 59 Vt. 315; 58 Ark. 468-9; 44 N. H. 419; 59 Ark. 105; 34 Ark. 469; 39 Ark. 278; 45 Ark. 165. It was error to admit evidence tending to show that appellant's husband had been indicted for the burning of the insured building. 34 Ark. 257; 43 Ark. 99; 59 Ark. 473; 60 Ark. 450; 76 N. Y. 288; 7 N. Y. 378; 130 N. Y. 141; 2 Wend. 255; 7 Daly, 245; 37 S. W. 638; 40 S. W. 747.

*Austin & Taylor,* for appellees.

There was no error in admitting evidence tending to impeach the appellant's credibility. 61 Ark. 56; 16 Mich. 43. Even if the question as to the indictment was incompetent, since it was unanswered, it was not reversible error. 1 L. R. A. 220; 19 *id.* 148; 35 Vt. 391; 58 Vt. 214. It was within the discretion of the trial judge to admit the question on cross-examination. 58 Ark. 473; 94 U. S. 76; 77 Me. 380; 38 N. J. L. 471; 66 U. S. 226; 36 Ark.

550; 42 N. Y. 270; 34 N. Y. 223; 24 N. Y. 298; 16 Mich. 40; 57 Wis. 251; 24 Wis. 70; 1 Thomps. Trials, § 467.

BUNN, C. J.   This is a suit on a fire insurance policy, instituted in the Jefferson circuit court on the 13th day of February, 1896, by the appellant, Mrs. E. E. Stanley, the holder of the policy, against the appellee, the Aetna Insurance Company of Hartford, Connecticut, for the sum of $1,370, damages for the total loss of her house and furniture, and injury to the fencing,—her residence in Pine Bluff, Arkansas,—by fire on the night of the 6th of December, 1895.

The defendant company answered, admitting the issuance and delivery of the policy of insurance to the plaintiff, and the occurrence of the fire and destruction of the residence building, but denying that the loss to the furniture and other articles of personal property was to the extent claimed in plaintiff's complaint, and any damage whatever to the fencing, and alleged not only gross negligence on the part of the plaintiff in the care of said property and the protection of the same, but complicity in, and connivance at, said burning, to obtain the insurance thereon as aforesaid.

On the trial of the cause, and on the cross-examination of the plaintiff as a witness, she was asked various questions touching her past life, covering a period of twelve or fifteen years; and, among other things in this connection, she was asked if, while residing in Lexington, Kentucky, she did not have insurance upon her residence there, and if the same was burned down while under such insurance.  This question she answered in the affirmative, with the additional or qualifying statement that she had on the house a very small amount of insurance.  After further questioning and answering, plaintiff's counsel objected to the evidence thus adduced, and moved the court to exclude the same from the jury, which motion the court overruled, and permitted the evidence to go to the jury; to which evidence the plaintiff objected, and to the refusal to reject the same she excepted.  Similar interrogations were propounded to her as to the insurance on and burning of another house in Pine Bluff, upon which there were like rulings of the court, and exceptions taken.

Our attention is called to the ruling of this court on an identical state of facts in *Lancashire Insurance Company* v. *Stanley,* the plaintiff in this cause, *ante,* p. 1, reported in 62 S. W. Rep. 66.

It will be seen, however, that the question there was differently presented from what it is in this case. For instance, the questions and answers were not excepted to in the court below; in the next place, the case was decided in the court below in favor of the plaintiff, showing that the jury were not influenced by that evidence; and, in the third place, the question in that case arose upon an instruction in which that particular point and another were involved, which latter itself was material, and touching which the court held that the court committed a reversible error, to-wit, in not giving the instruction to consider the interest of witness. So that it does not appear that any positive ruling upon the admissibility of this evidence by this court in that case was made, and for that reason, in a case like this, where the facts are somewhat different, we are left free to rule upon the question as presented now.

This character of cross-examination is permissible only where its object and tendency is to affect the credibility of the witness under cross-examination. In section 2959, Sandels & Hill's Digest, it is provided that "a witness may be impeached by the party against whom he is produced by contradictory evidence, * * * by evidence that his general reputation for truth or immorality renders him unworthy of belief, but not by evidence of particular wrongful acts, except .that it may be shown by the examination of a witness, or record of a judgment, that he has been convicted of a felony." This statute is quoted only because its provisions are incidentally referred to in the case now cited.

The leading case of this court, on the subject of the admissibility of such evidence as we have now under consideration, is that of *Hollingsworth* v. *State,* 53 Ark. 387, in which the court, quoting from a New York case, said: "This shows that upon a cross-examination of a witness, with a view of testing his credibility, inquiries are proper as to facts not competent to be proved in any other way. Such inquiries do not relate to the issue directly upon trial, but relate only to the credibility of the witness. They are entirely collateral to the principal issue. As to the former, the same strictness is not required when the evidence is confined to the cross-examination of the witness introduced by the opposite party. In such examination the presumption is strong that the witness will protect his credibility, as far, at least, as the truth will warrant. All experience shows this to be so. It would

be productive of great injustice often if, where a witness is produced of whom the opposite party has never heard, and who gives material testimony, and from some source, or from the manner and appearance of the witness, such party should learn that most of the life of the witness had been spent in jails and other prisons for crimes—if this fact could not be proved by the witness himself, but could only be shown by the record existing in distant counties, and perhaps states, which, for the purposes of the trial, are wholly inaccessible.   *   *   *   My conclusion is that a witness upon cross-examination may be asked whether he has been in jail, the penitentiary, or state prison, or any other place that would tend to impair his credibility, and how much of his life has been passed in such places.   When the inquiry is confined as to whether he has been convicted, and of what, a different rule may apply."

Thus, while the statute does not permit a witness to be impeached by evidence of mere isolated acts on his part, yet in the case cited evidence of habits of life and associations which go to show habitual immorality and the probable disregard of truth generally is not in conflict with the statute, and is admissible, notwithstanding that, in order to determine this general fact, particular acts in keeping with the general habit may be shown.   They are circumstances, says the court, "proper for the jury to consider in determining his credibility."   "That such a life tends to discredit the testimony of the witness, no one can deny; when disclosed on cross-examination, it is exclusively for the jury to determine whether any truth can come from such source, and, if so, how much.   The right to impair the evidence of a witness by cross-examination must not be confounded with the right to impeach a witness by evidence introduced by the opposite party.   *   *   *   Such evidence must go to his general character."   *Hollingsworth* v. *State,* 53 Ark. 390.

After all, such evidence must tend to affect the credibility of the witness, or it is not admissible; for evidence which merely reflects on the character of a witness, or calls his general character in question, which has no reference to his character for truth or immorality, is not admissible, for such can only prejudice the minds of the jury against him.

This being the law as heretofore defined by this court, we are of the opinion that the evidence so adduced in this case was not admissible, seeing that its effect could not be to impeach the wit-

ness or lessen her credibility, as the mere fact of having an insured house burned on one or more previous occasions proves nothing against her credibility. It should have been excluded.

In the further progress of the trial she was asked: "If you, Thomas Stanley and your husband, Frank Stanley, were indicted by the grand jury of Jefferson county, Arkansas, charged with the burning of this building? This question was objected to, but the court overruled the objection. She being required to answer, said: "I understand so, through my attorneys;" and in answer to further questions on the subject, and by way of explanation, she said she herself was never arrested, and was finally discharged by the sheriff at his office. Having been charged by the grand jury with the commission of the crime of arson shows nothing against her, and the object of such testimony could operate only to cast a slur upon her before the jury. It was highly prejudicial, and should not have been permitted to go to the jury, and the error was a reversible one.

In the course of the trial the court gave, at the request of the defendant, the third instruction, which is objectionable, under the peculiar facts of this case, because it failed to say if the plaintiff intentionally or willfully caused the burning of the building.

The seventh instruction, given at the instance of the defendant, is too general, and left to the jury too much latitude in determining what constituted failure of plaintiff in keeping all the covenants contained in the policy. As the case will be reversed for other errors named above, these last references to instructions are in the way of suggestions to the court on another trial.

Reversed and remanded for the improper admission of testimony as set forth in the foregoing.