|        |      |
| ------ | ---- |
| 80.    | 587  |
| 84     | 183  |

KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* BELKNAP.

Opinion delivered November 26, 1906.

1. INSTRUCTIONS—EXCEPTIONS IN GROSS.—Exceptions in gross to the giving of several instructions, some of which were good, and to the refusal of several requests for instructions, some of which were bad, are insufficient to raise any question on appeal. (Page 589.)

2. WITNESS—IMPEACHMENT.—The fact that a witness has been indicted for perjury does not affect his credibility. (Page 590.)

3. SAME—In a damage suit against a railroad company it was not error to permit plaintiff to ask defendant's witnesses whether defendant had furnished them transportation, as it is always proper to show the bias or prejudice of a witness towards a party litigant, as affecting the credibility of such witness. (Page 590.)

4. INCOMPETENT EVIDENCE—INVITED ERROR.—One who introduces incompetent evidence of a certain character can not complain if his opponent introduces rebutting evidence of the same character. (Page 591.)

Appeal from Benton Circuit Court; *John N. Tillman,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee stepped from the steps of the platform on the rear end of the "smoker" of one of appellant's passenger trains, and fell into a creek ten or fifteen feet below, and was injured. He sued appellant, laying his damages at $2,000, and alleging that his injuries were caused by appellant's negligence in stopping its passenger train on a bridge at a dangerous place without any warning to appellee and without any precautions to prevent the accident and by calling and announcing the station of "Sulphur Springs" before the train had arrived at such station.

The appellant denied all the material allegations of the complaint, and set up the contributory negligence of the appellee.

The case was sent to a jury on the evidence and instructions. The verdict and judgment were for $725.

*W. S. Moore* and *Read & McDonough,* for appellant.

1. The court erred in refusing to permit the defendant to prove that plaintiff had been indicted for perjury. 42 Fed. 47; 2 N. Y. Supp. 738; 105 Ala. 43; 31 S. W. 843; 47 Mich. 413; 47 Mich. 508; 42 Neb. 503; 32 Tex. 431.

2. It was error to permit plaintiff to ask the witness Miller and others whether defendant had furnished them with transportation. Kirby's Digest, § 3138; 58 Ark. 479; 43 N. E. 168; 2 Walk. 482; 34 Ark. 480; 45 Md. 564; 73 Ala. 270; 61 Ga. 379; 58 Vt. 409; 76 Va. 1012.

3. It was error to admit evidence of witnesses that five or six months previous to the accident they had heard trainmen call the station Sulphur Springs a short distance north of that station. Acts of other railroad employees at other times than that of the accident are not admissible to show that the station was called by the conductor or porter on the evening of the accident. 58 Ark. 125; *Id.* 454; 48 Ark. 460; 46 Vt. 587; 55 Vt. 154; 38 Ala. 171; 35 N. E. 296; 85 Ia. 180; 4 Col. 270.

4. The court erred in its first instruction in directing the jury to find for the plaintiff if the facts existed as therein defined, "unless the circumstances and indications were such as to render manifest to the plaintiff as a reasonable and prudent person that the train had not reached the usual and proper landing place." Webster's Dict., "manifest;" 41 Ark. 542; 38 Ark. 357; 36 Ark. 607.

5. If appellee stepped off the car on the west side to show a passenger the eating house, while thus engaged he lost his status as a passenger. 55 Ark. 433. The court should have given the second and third instructions asked for by appellant, to enable the jury properly to pass upon the contributory negligence of the appellee. 49 Ark. 278; 46 Ark. 528; 48 Ark. 106; 60 Ark. 106.

6. Appellee was, as a matter of law, guilty of contributory negligence, and can not recover. 16 Ill. 558; 63 Miss. 571; 64 Fed. 301; 48 N. J. L. 373; 88 Ala. 538; 88 Cal. 86; 70 Ia. 353; 96 Ky. 44; 38 N. Y. 440; 137 Pa. St. 352; 149 Pa. St. 432.

*McGill & Lindsey,* for appellee. .

1. Evidence that appellant had been indicted for perjury was not admissible. 30 Am. & Eng. Enc. Law (2 Ed.), 1086; 70 Ark. 107; 43 Ark. 99; 34 Ark. 257.

2. In bringing out in the testimony of witness Miller that he had been furnished transportation, the object was not to impeach him nor to show bribery or improper use of money; but it was competent to show the relations between him and the company, tending to indicate a friendly feeling on his part toward the company. It would better enable the jury to weigh his testimony. The extent to which a witness may be cross-examined to test his bias and credibility is ordinarily within the discretion of the court. 1 Gr. Ev. (15 Ed.), § 451, and note *a.*

3. Testimony that for several months prior to the accident it was the custom to call the station before the bridge was reached was admissible to corroborate appellee's testimony.

4. Appellant's objections to instructions being general, in gross, were not sufficient. 80 Ark. 225. The use of the word "manifest" in the first instruction was proper, taking the ordinary meaning, instead of the technical meaning, of the word. Webster's Dict.; 75 Ark. 165; 70 Ark. 264; 7 L. R. A. 323.

5. The issue as to whether or not appellee was guilty of contributory negligence was submitted to the jury and by them decided. If the testimony on that point was such that reasonable men might honestly draw different conclusions therefrom, it was properly submitted to the jury. 80 Ark. 190; 76 Ark. 227; 61 Ark. 549; 76 Ark. 115.

6. When a station is called, the passenger has the right to infer that the first stop of the train will be at such station; that he will be expected to leave the train if that station is his destination, and to assume that the place is a safe one on which to alight. 44 Ark. 322; 59 Ark. 122; 70 Ark. 165; 75 Ark. 165; 7 L. R. A. 323. Having by its own negligence placed appellee in a perilous position, the appellant can not complain because he acted on its implied invitation to alight. 92 Mo. 208.

WOOD, J., (after stating the facts.) First: We have carefully reviewed the evidence, and are of the opinion that it is sufficient here to support the verdict.

Appellee adduced evidence tending to support his contention

that the station of "Sulphur Springs" was called by a trainman about a quarter or half a mile before reaching same, and that shortly thereafter the train stopped, and that he, supposing that the train had stopped at its usual stopping place at the station, attempted to debark; that if the train had in fact stopped after the announcement "Sulphur Springs" at the station, instead of at the switch, there would have been no danger at all in his alighting from same on the west side of track where he intended to alight. Appellant contended that the station "Sulphur Springs" was not announced, just before the stop was made at the switch, in the car on which appellee was riding, and that, even if it had been, appellee was guilty of contributory negligence in alighting in the manner he did.    These were disputed questions of fact.    We can not say from this record that they were not sent to the jury upon proper instructions, for, after setting out the instructions given at the instance of appellee, the record recites: "To the giving of instructions numbered——the defendant at the time objected, but the court overruled its objections, and the defendant at the time saved its exceptions."    And after setting out the instructions which appellant asked and which the court refused, the record recites: "The court refused to give said instructions numbered 1, 2, 3, 4, 5, 6 and 7, and to such refusal the defendant at the time excepted."    These were clearly objections in gross; and as some of the instructions given were good and some of those refused were bad, under recent decisions of this court there is no error reserved to the ruling of the court on instructions.    *Kansas City Southern Ry. Co. v. Morris, ante* p. 528, and cases cited.

It would serve no useful purpose to discuss the issuable facts and the evidence in detail pro and con on the questions of negligence and contributory negligence.    These were questions for the jury under the evidence.

Second.    The court did not err in refusing to allow appellant to show that appellee had been indicted for perjury.    The fact that a party has been indicted does not affect his credibility. *Stanley* v. *Aetna Ins. Co.,* 70 Ark. 107; 30 Am. & Eng. Enc. Law, 1085 and 86, note 1.

Third.    There was no error in permitting appellee to ask witnesses of appellant on cross-examination whether or not appellant had furnished them with transportation.    The testimony by the

simple affirmative response tended to show the bias or interest of the witnesses, and in this way might affect their credibility. The probative force of such evidence may be and is very weak, but the weight of it was for the jury. There was nothing in the question or response to indicate a purpose to enter in detail upon the circumstances tending to create bias, or show the interest of the witnesses. It is proper always to show the bias or prejudice of a witness toward a party litigant as affecting the credibility of the witness. This is not collateral matter. *Crumpton* v. *State*, 52 Ark. 273. The manner of showing it was not contrary to the rule announced in *Cornelius* v. *State*, 12 Ark. 783, 800, 801, and followed in *Butler* v. *State*, 34 Ark. 480, but rather in conformity thereto.

Fourth. The court permitted appellee to prove that five or six months prior to the injury complained of it had been the custom for some of the appellant's servants to call the station of "Sulphur Springs" a short distance north of said station. The appellant introduced its conductor and elicited the following:

Question: "Does the brakeman ever call the station in the smoker?" Answer: "Once in a while he does after we stop at the station." Question: "Customarily where does the brakeman call the station?" Answer: "He announces the station after the train leaves Noel, that the train will stop at Sulphur Springs 20 minutes for supper or breakfast." Again: Question: "In coming out of Noel the announcement or information was given to the passengers that the next station would be Sulphur Springs and 20 minutes for supper?" Answer: "Yes, sir." Question: "After the train had taken the siding the next announcement would be Sulphur Springs?" Answer: "Yes, sir." Question: "There was no announcement that you were arriving at the station, other than that prior to the stop for the switch?" Answer: "None." Question: "That was customary?" Answer: "Yes, sir." Question: "After you had got on to the passing track or the track that you took after throwing the switch, then the station of Sulphur Springs was called?" Answer: "Yes, sir." Question: "That was your custom?" Answer: "Yes, sir." Question: "You usually announced it in the smoker, and the brakeman usually announced it in the chair car?" Answer: "Yes, sir; that's the way of it."

By the above evidence appellant attempted to show that it was the custom on appellant's trains to let passengers know on coming out of Noel that the next station would be Sulphur Springs, and that the next time, according to the custom, the station of Sulphur Springs was announced was after the train had taken the passing track, after the switch was thrown. The evidence objected to was in rebuttal of this, and was proper. It tended to show that it was the custom of appellant to call the station of Sulphur Springs, not on coming out of Noel, but a short distance north of the station of Sulphur Springs, not after stopping at the switch and after taking the passing track, but north of the station before reaching the bridge and the switch. The appellant, having elicted testimony of the custom, is not in a position to complain of the testimony of appellee on the same subject and in rebuttal of appellant's evidence. If the court committed error in allowing the testimony as to what was the custom in calling the station to be introduced (as the writer is inclined to think), yet the error, if error, in the opinion of the court was invited, and appellant can not complain.

Finding no prejudicial error, the judgment is affirmed.