## 144 MacDonald v. Wills & Company.

WILLIAM B. MacDONALD, Respondent, v. HAMILTON B. WILLS & COMPANY, LIMITED, Appellant.

Stockbrokers — action to recover marginal account on ground broker had never executed orders — provision of Penal Law requiring stockbrokers to furnish customer on written demand with statement of purchase or sale of securities and making failure to deliver same prima facie evidence of wrongdoing creates no presumption in civil action — error for court to charge in effect that by evidence of demand for and failure of broker to furnish statement plaintiff had borne burden of proof in absence of sufficient explanation — inference of wrongdoing question for jury.

1. Section 392 of the Penal Law, providing that the refusal or neglect of a stockbroker to furnish to a customer, within forty-eight hours after written demand, a statement containing the names of the persons from whom securities have been purchased or sold for his account, the time when, place where, the amount of, and the price at which the same have been bought or sold, shall be *prima facie* evidence that such purchase or sale has been made in violation of law, creates no presumption of which the plaintiff may avail itself in a civil action. There is nothing in its language which suggests that the statutory presumption created by that section was intended to furnish a new general rule to be applied in civil proceedings based upon an allegation which would also constitute a violation of the Penal Law. Moreover the evidence is not sufficient to show that a written demand was served.

2. It was, therefore, error, in an action to recover money paid and the value of collateral delivered to a stockbroker (defendant's predecessor in business) as margin for the purchase and sale of stock, on the ground that said broker had never executed the orders, for the court to charge, in effect, that by introducing evidence that plaintiff had served upon the broker and defendant a written demand for a statement, as provided in section 392 of the Penal Law and had not received the same, the plaintiff had successfully borne the burden of proof unless the defendant's explanations were sufficient to outweigh the statutory presumption. The jury might say, under proper circumstances, that in the absence of explanation it would infer wrongdoing. It rests with the jury, however, to draw or refuse such

inference and the court may not substitute for such an inference of fact to be drawn by the jury a presumption created by the statute.

*MacDonald* v. *Wills & Company,* 210 App. Div. 811, reversed.

(Argued March 5, 1925; decided March 31, 1925.)

Appeal from a. judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 11, 1924, affirming a judgment in favor of plaintiff entered upon a verdict.

The action was to recover money paid and the value of securities delivered as collateral to the plaintiffs' margin account with a stockbroker (defendant's predecessor in business), the complaint alleging that the orders given by plaintiff for the purchase and sale of securities had not been actually executed but had been " bucketed."

*Philip C. Samuels, M. Edwin Merwin* and *Max Lazarus* for appellant. Section 392 of the Penal Law of the State of New York is not applicable to the case at bar and cannot be invoked in this action. (*Mairs* v. *B. & O. R. R. Co.,* 175 N. Y. 409; 73 App. Div. 265; *Florgus Realty Co.* v. *Reynolds,* 204 N. Y. Supp. 303; *Aronvici* v. *Salant,* 83 Misc. Rep. 621; *Conroy* v. *Acker,* 110 App. Div. 48; *Collilli* v. *Turner,* 215 N. Y. 675; *Snider* v. *Snider,* 160 N. Y. 151; *People ex rel. Warschauer* v. *Dalton,* 159 N. Y. 235; *Drucker* v. *Manhattan Ry. Co.,* 106 N. Y. 157; *Baird* v. *Mayor, etc.,* 96 N. Y. 567, 603; *Stapenhorst* v. *Wolff,* 65 N. Y. 596; *Home Insurance Co.* v. *Western Trans. Co.,* 51 N. Y. 93.) The court erroneously charged the jury with respect to the purpose and effect of section 392 of the Penal Law. (*Mairs* v. *B. & O. R. R. Co.,* 175 N. Y. 409.)

*Henry Adsit Bull* for respondent. The rule of evidence stated in general terms in section 392 of the Penal Law applies to this case. (*Prout* v. *Chisholm,* 21 App. Div. 61.) Without regard to section 392 of the Penal Law,

10

the same rule of evidence applies to this case under the authority of judicial decision and Penal Law, section 957. (*Prout* v. *Chisholm,* 89 Hun, 108; 21 App. Div. 54; Penal Law, § 957.) The jury's verdict was conclusive on the issue of "bucketing." (*Sabine* v. *Paine,* 148 App. Div. 730; *Greenhall* v. *Davis,* 190 App. Div. 632.)

Lehman, J. The plaintiff has pleaded and must prove that the broker to whom he gave orders for the purchase and sale of stock never executed such orders. The plaintiff produced evidence to show that he never received from the broker any memorandum showing the name of the person, firm or corporation from whom any securities were purchased or to whom securities were sold in accordance with plaintiff's orders; that when he suggested at times paying balances due on his account and receiving the securities which he had given orders to buy, the broker's manager urged him for various reasons to postpone doing so. The defendant produced other evidence to show that the plaintiff's orders were in fact carried out and that the broker, defendant's assignor, had always been ready to deliver to the plaintiff the securities which he had bought, but the defendant failed to substantiate this testimony by production of books and records. The defendant offered explanation for its failure to produce such books and records, yet upon the entire testimony it seems clear to us that the jury could logically draw an inference that the broker had not carried out the plaintiff's orders but that all transactions were fictitious. The jury has resolved the questions submitted to it in favor of the plaintiff; we must still consider whether the question of whether an inference that the transactions were fictitious should be drawn from the testimony was submitted to the jury under proper instructions.

In addition to the testimony to which we have referred above, the plaintiff tried to show that after the defendant

had taken over the assets of the broker and assumed his liabilities, the plaintiff served upon both the broker and the defendant a written demand for a statement which under section 392 of the Penal Law, a broker was required to furnish. This evidence constitutes the foundation upon which the jury was instructed it might base a verdict in the plaintiff's favor. The trial judge charged that " there is no actual evidence that the court can recall in this case of fictitious transactions by Mr. Wills for the account of the plaintiff Mr. MacDonald. But on account of the difficulties of proof that a customer in a situation like Mr. MacDonald's always will experience in litigation, the Legislature sometime ago passed a statute to attempt to make it incumbent in certain conditions upon the defendant to explain transactions." He then told the jury that under section 392 of the Penal Law it is provided that " such refusal shall be *prima facie* evidence that the purchase or sale as stated in this statute was made in violation of this article; that is, that it was made in a manner which was unlawful and not a real transaction. * * * Its effect is to make it necessary if such a situation arises in a law suit, for the defendant to offer evidence to explain why such a statement was not made, not given." While the trial judge charged that the jury must pass upon the defendant's explanation and that the plaintiff always had the burden of proof, yet the necessary effect of the whole charge is that the plaintiff has successfully borne this burden unless the defendant's explanations were sufficient to outweigh the statutory presumption.

Section 392 of the Penal Law creates no presumption of which the plaintiff may avail itself in this action. We find nothing in its language which suggests that the statutory presumption created by that section was intended to furnish a new general rule to be applied in civil proceedings based upon an allegation which would also constitute a violation of the Penal Law. Certainly

the Legislature could hardly have intended that a presumption of violation of the Penal Law should apply in a civil action brought not against the alleged wrongdoer but against one who has merely agreed to assume his liabilities. Moreover the evidence is not sufficient to show that a written demand was served. The question then presented to us is whether the judgment may be affirmed on the ground that the evidence is sufficient to allow an inference that the broker never executed the plaintiff's orders although no statute creates a presumption to that effect.

Section 957 of the Penal Law recognizes the duty of the broker to deliver to each customer a memorandum of each purchase and sale made in his behalf. It makes the failure to deliver such a memorandum a penal offense only if such failure continues for twenty-four hours after written demand therefor. Even without such demand the duty exists and inferences against a broker may reasonably be drawn against a broker who fails to carry out his duty. Such a failure does not create a presumption nor as a matter of law throw upon the broker a duty of explanation. The jury may say under proper circumstances that in the absence of explanation it will infer wrongdoing; the law does not declare that the proof constitutes *prima facie* evidence of wrongdoing which shifts the burden of explanation to the defendant. The jury in this case found that the broker was guilty of a wrong but under the charge it must have based such finding upon the ground that the law creates a presumption which the defendant has not rebutted. The jury has not found that an inference of wrongdoing should be drawn from the circumstances which might logically give rise to such an inference; on the contrary, it has been told that the plaintiff's case rests solely upon a presumption which we hold does not exist. Until such inference is drawn the verdict has no basis. Since it rests with the jury to draw or refuse such inference and

the court has erroneously substituted for such an inference of fact to be drawn by the jury a presumption created by the statute, the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Hiscock, Ch. J., Cardozo and McLaughlin, JJ., concur; Pound, Crane and Andrews, JJ., dissent.

Judgments reversed, etc.