ROGERS *v.* WOODS.

Opinion delivered October 12, 1931.

*Buzbee, Pugh & Harrison,* for appellant.
*Robert Bailey* and *Chas. Mehaffy,* for appellee.

BUTLER, J. This is an appeal from a judgment of $10,000 in favor of the appellee for injuries sustained on January 16, 1929, in a collision between a car driven by appellee and a truck driven by the defendant near Conway, Arkansas.

The sufficiency of the evidence is not questioned. The giving of instruction No. 6 at the request of plaintiff is the single assignment of error presented and argued by appellant, which instruction is as follows:

"You are instructed that, if you find from the preponderance of the evidence in this case that the defendant or his employee was driving his truck at a speed in excess of thirty-five miles an hour, that this is *prima facie* evidence of negligence and casts the burden upon the defendant to prove that he was exercising ordinary care notwithstanding the violation of this law. If you further find from the preponderance of the evidence in this case that the defendant has failed to prove he was exercising ordinary care notwithstanding the violation of the law, and that said violation of the law was the proximate cause of the collision and the resulting injuries, if any, and that plaintiff was exercising ordinary care under the circumstances, then you must find for the plaintiff."

By § 4 of act 223 of the Acts of 1927, subdivision (a), the rule of conduct for persons driving vehicles on the highway is prescribed, *i. e.,* that he "shall drive the same (vehicle) at a careful and prudent speed not greater than is reasonable and proper having due regard to the traffic, surface and width of the highway, and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such speed as to endanger the life, limb, or property of any person."

By subdivision (b) of the same section it is provided that in all cases where the speed at which a vehicle is driven shall not exceed the speed limits specified in the act, the driver's conduct shall be *prima facie* lawful.

By subdivision 8 it is provided that it shall be *prima facie* unlawful to exceed the speed limits, thirty-five miles per hour being the extreme limit.

Upon the foregoing statute is based the instruction of which complaint was made. As stated by the appellant, it creates no civil liability, but imposes a penalty for its violation. Yet an injured party, in seeking redress by common-law action, may base such action on the evidence found in its violation; and, as such action is based not on the statute but on the evidence found in its violation, a literal adherence to its language is not essential, though perhaps to be desired.

According to the statement made in Huddy's Enc. on Automobile Law, vol. 3-4, page 61, the great weight of authority is to the effect that a violation of the statute such as the above is negligence *per se,* but in this State the rule is that it is not negligence *per se,* but is evidence of negligence (*Mays* v. *Ritchie Gro. Co.,* 177 Ark. 35-37, 5 S. W. (2d) 728), which casts upon the defendant the burden of proof to establish a compliance with the rule of conduct fixed by the statute, and which would be ordinary care within its meaning. *Herring* v. *Bollinger,* 181 Ark. 925, 29 S. W. (2d) 676.

In criticism of the instruction, counsel say: first, that it departs from the language of the statute in that it substitutes the words "*prima facie* unlawful," for "*prima facie* evidence of negligence"; second, that it assumes that defendant violated the law; third, that it assumes that driving in excess of thirty-five miles per hour was negligence. Counsel suggest the language in which the instruction should have been couched.

Under the statute, *supra,* the *prima facie* violation is driving in excess of thirty-five miles an hour. Unless, therefore, the driver establishes ordinary care on his part, driving in excess of thirty-five miles per

hour violates the law and is evidence of negligence. When one introduces evidence rebutting the *prima facie* case of unlawful conduct, of course the fact that he was driving in excess of thirty-five miles per hour loses its probative value. The same proof which raises the presumption of an unlawful act creates the evidence of negligence, and the same proof which rebuts that presumption destroys the evidence created by it. So, it seems to us that the use of the words "*prima facie* evidence of negligence" was unnecessary, for, if they had been wholly omitted, the legal effect would have been unchanged, and stripped of its unnecessary words and arranged in proper order, an interpretation might be placed on the instruction considered as a whole that it did not assume a violation of the law or of defendant's negligence and that the excess speed, if proved, without proof of the exercise of ordinary care on defendant's part, established a violation of the law which was an evidence of negligence sufficient to fix liability, if the rate of speed was the proximate cause of the collision and injuries provided plaintiff himself was not negligent. This seems to us to be the meaning of the instruction.

We have frequently held that where an instruction is imperfectly worded so as to be obscure or ambiguous, if the appellant is of the opinion that it might mislead the jury, he should by specific objection point out what he conceives the assumption of fact to be and the inaccuracies in the language of the instruction. *St. L. S. W. Ry. Co.* v. *McLaughlin,* 129 Ark. 377, 196 S. W. 460; *St. L. Sw. Ry. Co.* v. *Wyman,* 119 Ark. 530, 178 S. W. 423; *St. L. I. M. & S. R. Co.* v. *Hutchinson,* 101 Ark. 424, 142 S. W. 527.

Had the appellant interposed his specific objections, the court could, and doubtless would, have converted the instruction into a concise and clear statement of the law by the use of a few qualifying and explanatory words; or, the appellant, if he so desired, might have had the instruction put in a more accurate form by presenting a correct prayer for instructions on the issues

involved, thus removing any anticipated doubts from the mind of the jury. As the instruction was not necessarily erroneous and prejudicial, a general objection was not sufficient.

Case affirmed.

Mr. Justice MEHAFFY disqualified and not participating.