WILSON v. COSTON

5-3565                             390 S. W. 2d 445

Opinion delivered May 24, 1965.

*M. C. Lewis, Jr.,* and *William R. Mitchell* for appellant.

*Wootton, Land & Matthews, McMillan, McMillan & Turner,* for appellee.

ED. F. McFADDIN, Associate Justice. This case stems from a traffic mishap in the City of Hot Springs. Appellant Wilson was driving his car south on Central Avenue; appellee Coston was driving east on Oakwood Avenue into Central Avenue; and the collision occurred in

the intersection. Both parties were seriously and painfully hurt. Mr. Wilson filed action and Mr. Coston filed answer and cross complaint. Trial to a jury resulted in a verdict and judgment for Mr. Coston and Mr. Wilson brings this appeal, urging for reversal five main points and a number of minor points. We find it unnecessary to discuss all of the points, since we conclude that the judgment must be reversed.

I. *Giving Of Defendant's Instruction No. 33.* It was claimed by defendant Coston that plaintiff Wilson was driving while intoxicated. The traffic mishap occurred at about 10:30 A.M.; Mr. Wilson was taken to a hospital in an ambulance; and two hours later (12:30 P.M.) there was a test made of Mr. Wilson's blood for the presence of alcohol. At the trial it was shown that *at the time of the test* the alcohol in Mr. Wilson's blood was 0.10 per cent. The doctor who made the test was allowed, *without objection,* to give it as his opinion that at 10:30 A.M. (the time of the traffic mishap) the alcohol content of Mr. Wilson's blood would have been as much as 0.15 per cent. Over strenuous and well worded objections of Mr. Wilson's attorneys, the Court gave the Defendant's Instruction No. 33, which reads:

"You are instructed that under the laws of the State of Arkansas if a person is charged with driving a vehicle while under the influence of intoxicating liquor, the amount of alcohol in the person's blood, at the time alleged as shown by chemical analysis of the person's blood, urine, breath, or other bodily substance, shall give rise to the following presumptions: 1. If there was at that time 0.05 per cent or less by weight of alcohol in the person's blood, urine, breath, or other bodily substance, it shall be presumed that the person was not under the influence of intoxicating liquor. 2. If there was at that time in excess of 0.05 per cent but less than 0.15 per cent by weight of alcohol in the person's blood, urine, breath, or other bodily substance, such fact shall not give rise to any presumption that the person was or was not under the influence of intoxicating liquor, but such fact may be considered with other competent evidence in determining whether the person was under the influence of intoxicat-

ing liquor. 3. If there was at that time 0.15 per cent or more by weight of alcohol in the person's blood, urine, breath, or other bodily substance, it shall be presumed that the person was under the influence of intoxicating liquor."

The foregoing instruction was framed from Ark. Stat. Ann. § 75-1031.1 (Repl. 1957) which applies to admission of blood tests in cases wherein a defendant is charged with the offense of driving while intoxicated. The original Legislative Enactment was Act No. 346 of 1957, which was captioned: "An Act relating to the admission of evidence derived from chemical analysis in cases where persons are charged with driving a motor vehicle while under the influence of intoxicating liquor." The 1957 statute was amended by Act No. 215 of 1961, and the caption of that Act reads: "An Act to amend Section 1 of Act 346 of 1957, being § 75-1031.1 of the Arkansas Stats. relating to the admisison of evidence derived from chemical analysis in cases where persons are charged with driving a motor vehicle while under the influence of intoxicating liquor." It is true that proof of the violation of a criminal statute is evidence going to show negligence (*Rogers* v. *Woods*, 184 Ark. 393, 42 S. W. 2d 390; and *Hammond* v. *Hamby,* 191 Ark. 980, 87 S. W. 2d 1000); but this statute (§ 75-1031.1) is not a criminal statute, as such. Rather, it is a statute relating to *admission of evidence* in cases of criminal prosecution. It was error to apply this statute to a civil proceeding such as in the case at bar.

The Supreme Court of Arizona had this same question before it in *Mattingly* v. *Eisenberg* (1955), 79 Ariz. 135, 285 P. 2d 174. After quoting the Arizona statute similar to ours, the Court said:

"It will be further observed that these presumptions according to the language of the statute, apply only in criminal prosecutions for driving or being in physical control of any vehicle while under the influence of intoxicating liquor. (The use of the word 'vehicle' of course includes automobiles.) We therefore conclude that the above section of the statute is intended to create a rule

of evidence in the prosecution of persons charged with driving an automobile while under the influence of intoxicating liquor. We therefore hold that it constituted reversible error for the trial court to extend the application of the statute to an action for damages for personal injuries. *McDonald* v. *Hamilton B. Wills & Co.*, 240 N.Y. 144, 147 N.E. 616, 43 A.L.R. 956. See also 43 A.L.R. 956 with annotations. Inasmuch as the statute has no application to civil cases or to any offense other than that defined in the act itself the instruction which in effect states that the presence of certain percentages of alcohol (by weight) in the blood of defendant created a presumption of intoxication was, we believe, a comment upon the evidence as much so as if the particular statute had never been enacted.''

Because of the error of the Court in giving Defendant's Instruction No. 33, the judgment is reversed and the cause remanded.

II. *Other Matters.* Because of the likelihood of a new trial we think it well to mention a few of the other matters:

(a) There was no error in the ruling of the Court in refusing to strike the cross complaint of defendant Coston. See *Huffman* v. *City of Hot Springs,* 237 Ark. 756, 375 S. W. 2d 795.

(b) In several of the instructions there is a detailing of certain acts and the instructions say of these acts: ''This would be negligence.'' We mention particularly Defendant's Instruction No. 21 and Defendant's Instruction No. 34. It is sometimes proper to say that certain acts ''would be negligence'' (see our Opinion in *Wright* v. *Covey,,* 233 Ark. 798, 349 S. W. 2d 344) ; but in most of the instructions in this case the better language would be that these acts ''would be evidence of negligence.''

(c) Defendant's Instruction No. 36 pertained to heart injuries alleged to have been sustained by Mr. Coston. This instruction appears to have several defects.

(d) Other matters argued are not likely to occur on retrial; so we do not discuss them.

Reversed and remanded.