RICHARD JUDY *v.* M. C. McDANIEL ET UX AND DUIL LANE

5-4995                                           445 S. W. 2d 722

Opinion delivered October 20, 1969

*Putman, Davis & Bassett,* for appellant.

*Wade, McAllister & Wade,* for appellees.

J. Fred Jones, Justice. Mr. and Mrs. McDaniel sued Richard Judy in the Washington County Circuit Court for personal injuries and property damages growing out of an automobile collision. Duil Lane was made a defendant by cross action filed by Judy. A jury verdict resulted in a judgment for Mr. McDaniel against Judy in the total amount of $6,262.13, $500 of which was for property damage to the McDaniel automobile. Judy has appealed and relies upon the following points for reversal:

"The trial court committed prejudicial error in permitting continued examination of Officer R. D. Arnold concerning an intoximeter test and the amount of alcohol allegedly consumed by appellant.

The trial court committed prejudicial error in permitting examination of appellant relative to prior arrests and convictions.

Remarks made by the trial Judge in the presence of the jury constituted a comment on the evidence which prejudiced appellant.

The trial court erred in admitting into evidence repair estimates on plaintiff's vehicle."

The collision occurred in this manner: McDaniel was driving his automobile on Highway 16 in Fayetteville and Lane was driving his automobile in the same direction in front of the McDaniel vehicle. Judy was driving in the opposite direction meeting the Lane and McDaniel automobiles. Lane made a left turn from the highway to enter a side street, and in doing so he had

his automobile across the traffic lane Judy was traveling as Judy approached over a hill. Seeing the Lane automobile across his lane of travel, Judy drove to his left to avoid the Lane automobile, and collided with the McDaniel automobile. McDaniel was injured and his automobile was damaged.

Appellant's first point:

We are unable to agree with Judy that the trial court committed prejudicial error in permitting continued examination of Officer R. D. Arnold concerning the intoximeter test and the amount of alcohol allegedly consumed by Judy. The case of *Wilson* v. *Coston*, 239 Ark. 515, 390 S. W. 2d 445, cited in support of Judy's contention, is not in point. In *Wilson* the trial court simply gave, as an instruction to a jury in a civil case, Ark. Stat. Ann. § 75-1031.1 (Repl. 1957). This statute provides for chemical analysis of body fluids in criminal prosecutions for driving under the influence of alcohol and fixes presumption of guilt on chemical content ratings. No presumption of driving under the influence attended the testimony in the case at bar. Officer Arnold investigated the collision and before he was asked concerning the intoximeter test, he had already testified that he could smell alcohol on Judy when he talked to him at the scene of the accident; that from the way Judy handled himself and walked and talked he could tell that Judy had "a little something to drink." Officer Arnold testified that he was of the opinion that Judy's faculties were impaired.

The question on the intoximeter test was first asked on direct examination and was objected to. The objection was sustained and the jury admonished to disregard it. Judy's counsel then followed up the question on cross-examination, and we cannot say to his disadvantage, by showing that the test only registered .12, which was not high enough to justify an arrest for driving under the influence of alcohol. This testimony relative to the intoximeter test tended to rebut the officer's prior testimony.

On cross-examination by Lane's attorney, the officer testified that Mr. Judy admitted that he had been drinking beer. He testified that a .12 registration on the intoximeter test would, in his opinion, indicate a consumption of about a "six-pack" of beer. In response to a motion for a mistrial upon the admission of this testimony, the trial court said:

"It may be his opinion but I am going to ask the jury to disregard that statement because I don't think he's given enough background to what might well be a basis. There has to be a foundation laid to admit that but I will not grant a mistrial. I will overrule that."

Mr. Judy testified that he and another person had divided and consumed a "six-pack" of Budweiser beer during the afternoon prior to the collision, but he denied that his faculties were impaired or that his driving was influenced in any way by the consumption of the beer.

We cannot say that the trial court abused his discretion or erred as a matter of law in refusing to grant a mistrial in the light of all the evidence. In the light of Judy's own testimony that he had consumed half of a six-pack of beer, and in the light of the officer's testimony that he did not arrest Judy, but would have done so had his meter reading been high enough; we do not consider the officer's opinion, when considered with all the other evidence, as constituting such prejudicial error as to call for a reversal. The important point was not whether Judy had consumed three or six cans or bottles of beer or whether the containers were large or small, the important thing on this point was how Judy tolerated the amount of beer he did drink, and the effect, if any, its consumption had on his driving.

Appellant's second point:

Lane's attorney attempted to examine Judy on

cross-examination as to prior convictions in order to test his credibility as a witness. The pertinent portion of the record on this point is as follows:

"Q. Have you ever been arrested and convicted for the commission of any crime of any kind?

A. Could you explain what you mean by crime? What type?

Q. Well, other than traffic violations? Any kind of—I'm not speaking of traffic violations.

•   •   •

A. Yes, sir.

Q. How many times?

*   *   *

Q. And what were the offenses?

A. Disturbing the peace.

Q. And what else?

A. Assault and battery after a dance.

Q. You were convicted on both counts; is that correct?

A. No, sir.

MR. BASSETT: Now, Your Honor, we object.

THE COURT: The objection is sustained. Goes only to his credibility and involves only one conviction.

MR. BASSETT: I want to make my record. It

is calculated to try to prejudice these people against this man and is completely unrelated and uncorrelated to the accident. If it goes to the question of his integrity, of his credibility, whether or not he's ever. been convicted *at sixteen years old*—this is a civil case, Your Honor. * * * I ask that the jury be instructed to disregard it.

THE COURT: As far as his testimony goes as to prior convictions, it goes only to his credibility. The charge against him, you will completely disregard it. You have heard his testimony.'' (Emphasis supplied).

The law is well settled that the credibility of a witness may not be impeached by an examination as to prior arrests, accusations or indictments relating to prior criminal activity. *Stanley* v. *Aetna Ins. Co.,* 70 Ark. 107, 66 S. W. 432; *Thacker* v. *Hicks,* 213 Ark. 822, 212 S. W. 2d 713; *Kansas City Southern Ry.* v. *Belknap,* 80 Ark. 587, 98 S. W. 366. There was really no excuse for the question asked Judy to even contain the word ''arrest'' unless it was inadvertently included or the question designed to elicit admissions of arrests without convictions. If the trial court had concluded that the question was artfully framed to draw an inadmissible. and prejudicial answer from the witness, the court would have been justified in declaring a mistrial, or in reprimanding the attorney. Apparently the court did not so consider the intent in this case. Where such questions are answered, however, the prejudice comes from the answers and not from the questions. If Judy was prejudiced at all by his answers in the case at bar, we. are of the opinion that the prejudice was removed, and perhaps turned to his advantage, by the admonition of the court and the explanation of appellant's counsel, we have above emphasized, in his oral objection. We find no prejudicial error in permitting examination of appellant relative to prior. arrests and convictions.

Appellant's third point:

Police Officer Arnold was asked if he had an opinion, based on experience, statements and investigation, as to the amount and type of alcohol consumed by Judy. The court's comment in overruling the objection to this testimony was almost invited by question, and we think it was unprejudicial in this case.

"Q. Based upon your investigation and the statements which you took, your findings at the scene of the accident, do you have an opinion, based upon your experience, as to how much alcohol may have been consumed and what type?

MR. BASSETT: Just a minute, Mr. Arnold. We object to that, Your Honor.

THE COURT: If he knows.

MR. BASSETT: Why, Your Honor,—.

THE COURT: If he has an expert opinion, strong odor—.

MR. BASSETT: That isn't what he asked, if Your Honor please. You are telling him what to say now. We object to the Court's remarks.

THE COURT: I am telling you the reason why I think it ought to be overruled."

It would appear that the court may have taken the phrase "why, Your Honor,' to be a question, and was attempting to answer it. Apparently both the attorney and the court interrupted each other before they finished what they had started to say.

Appellant's fourth point:

Mr. McDaniel testified that he purchased his automobile in August, 1966, and paid approximately $1,050 for it. He testified that the difference in the value of the automobile between the time he purchased it, and March 10, 1967, when the collision occurred, was due only to mileage and average wear. At this point in McDaniel's testimony estimates were offered in evidence under the following procedure of record:

"Q. Did you attempt to secure repair estimates?

A. Yes, sir.

Q. I show you two documents and ask you if you can identify these?

A. Yes, sir, I can identify them.

Q. Will you please tell us what those are?

A. Ozark Motors, Berryville, Arkansas is an estimate for repairing the damaged vehicle, and Cecil's Body Shop is an estimate for repairs to the same vehicle.

\* \* \*

A. Four hundred seven, fifty-one, and three seventy-two, seventy-seven.

MR. BASSETT: Comes now the defendant, Judy and objects that the Arkansas law reflecting personal property damages, that the test of the average market value is before and after the accident. We further object on the grounds that improper foundation has been laid, Your Honor, as to the introduction of estimates. There has been no testimony on the part of this man whether the car has been repaired, two, who repaired it, and three, who paid for it. We object for those reasons.

MR. WADE: We will put those in, Your Honor.

THE COURT: He hasn't offered them yet.

Q. Mr. McDaniel, after you received the two estimates, was the car, in fact, repaired?

A. Yes, sir.

Q. Who repaired it?

A. A body shop in Eureka Springs.

Q. Will you tell us what compensation, if any, you paid for the repair?

A. It was a work trade agreement.

Q. Will you tell us how that was arranged?

A. Yes, sir. My son owed me and in order to clear his debt, he made an agreement with the body shop man to do work for him, between four and five hundred dollars worth of work and he was to do the work and I was to get the car repaired.

Q. So it was simply a swap-out or a trade-out; is that right?

A. Yes, it was.

MR. BASSETT: We renew our objection, Your Honor.

THE COURT: The test is, the value before and after.

MR. WADE: Well, we just submit that this is some evidence.

THE COURT: Yes, it is some evidence but it is really before and after.

MR. WADE: We do make tender of Plaintiffs' Exhibits Nos. 3 and 4 to the testimony of M. C. McDaniel.

MR. BASSETT: Object.

THE COURT: I will overrule it. It is just some evidence of before and after. He can state, as the owner, the value before and after.

MR. NIBLOCK: Let the record show my objections, too.

MR. BASSETT: And Mr. McDaniel cannot even testify today, sir, as to what was paid in dollars and cents to have it repaired.

THE COURT: Well, the value is before and after.

Q. Mr. McDaniel, you testified that the purchase price was $1,050.00 in August of '66? I will ask you if from your knowledge of the vehicle in question you have any opinion as to the value of the automobile after the collision?

A. After the collision, I took it to the Volkswagen place in Springdale and had them give me an estimate.

THE COURT: No, just state what, in your opinion, it was worth. Not what they said.

A. A hundred seventy-five dollars.

MR. BASSETT: We also object to that because of the foundation laid.

THE COURT: He said he thought it was worth afterwards. He hasn't asked what the value was before.

MR. BASSETT: Oh, he asked after?

THE COURT: Yes. $175.00 is what you say it was worth afterwards?

A. Yes, sir.

THE COURT: All right, not who you talked to or anything, what was the value before? Before the wreck, the day before, at the time of the wreck, in your opinion, as owner?

A. Nine fifty.

THE COURT: Nine fifty before and $175.00 after?

A. Yes, sir.

THE COURT: Proceed.

MR. BASSETT: We object, of course, to the Court examining the witness.

THE COURT: Well, I don't intend to examine him.

MR. BASSETT: I'll withdraw my objection."

Under this testimony, we do not agree with appellant's argument that the repair estimates were the only basis the jury had for making the award of $500 as damage to the McDaniel's automobile. Mr. McDaniel did testify that he took his automobile to the Volkswagen place in Springdale and obtained an estimate, at this point the record is as follows:

"THE COURT: No, just state what, in your opinion, it was worth. Not what they said.

A. A hundred seventy-five dollars."

On cross-examination Mr. McDaniel testified that he went to someone else besides himself in arriving at the after value of $175; that he went to an authorized dealer with it. Mr. McDaniel testified that the value of his automobile before the collision was $950 and that its value after the collision was $175. The jury only awarded $500 which amounted to $275 less than Mr. McDaniel testified his property damage amounted to. The court reminded the attorneys throughout the trial that the correct measure of damages was not what it would, or did, cost to repair the automobile, but the difference in the market value of the automobile immediately before and immediately after the collision.

Apparently Judy did not question the items of damage reflected in the repair estimates as having occurred in the collision. The objection went primarily to the fact that the automobile had not been repaired under the estimates. After stating the correct rule (with which the trial court agreed) that the measure of damage was the difference in the before and after value of the automobile, the objection then continues:

"MR. BASSETT: * * * We further object on the grounds that improper foundation has been laid, Your Honor, as to the introduction of estimates. There has been no testimony on the part of this man whether the car has been repaired, two, who repaired it, and three, who paid for it. We object for those reasons."

The amount of the verdict for personal injuries is not questioned in this case and we find nothing in the record that indicates passion or prejudice on the part of the court or jury, or that Judy's rights were prejudiced by the alleged errors. There is no question that McDaniel's automobile was damaged in the collision and

the extent of the damage is not questioned. There could have been no prejudice in the introduction of the repair estimates because the jury verdict is in excess of either of them. The jury verdict evidently was based upon Mc-Daniel's opinion as to "before" and "after" values. Even though McDaniel admitted, on cross-examination by the third party defendant, that his opinion was based on information obtained from an automobile dealer, Judy made no objection at the time the testimony was offered and did not ask that the testimony be stricken. He is now in no position to assert the inadmissibility of McDaniels testimony as to the value after the collision.

Finding no reversible error in the record, we conclude that the judgment of the trial court should be, and it hereby is, affirmed.

Affirmed.