Jimmy WATSON v. Jimmie FRIERSON

80-296                                                613 S.W. 2d 824

Supreme Court of Arkansas
Opinion delivered April 13, 1981

*Mike J. Etoch, Jr.,* for appellant.

*Laser, Sharp & Huckabay, P.A.,* for appellee.

STEELE HAYS, Justice. Appellant initiated this litigation following an automobile collision with appellee at a Helena intersection. Both parties sued for property damage and personal injuries. The proof was offsetting — appellant had the protection of a stop sign, but admittedly was drinking. The jury determined that the fault was equal and declined to award damages to either.

On appeal, appellant charges that it was error to admit the results of an intoximeter test in a civil case and that no proper foundation was laid. We find no error by the trial court.

The evidence complained of is the testimony of Officers Todd Wetzel and Jack Milan of the Helena Police Department relating to an intoximeter test given appellant on March 12, 1978, shortly after the accident. Milan testified that he was certified by the State to operate the intoximeter, a gas chromatograph machine, and that he witnessed the testing of appellant by another officer. Officer Wetzel testified that his duties included supervision of the machine; that the machine was certified periodically by the State Board of Health; though not certain, he believed the

machine was certified in March, 1978; that the only time the machine was not certified was a two-week period in 1979; that only the State Board of Health could certify that the machine was operating correctly; that in his opinion the machine was operating properly at the time, and that the results of appellant's test showed an alcohol contest of .13% by weight and volume.

Appellant's challenge to the foundation is that Ark. Stat. Ann. § 75-1031.1 (C) (Repl. 1979) and regulations of the State Board of Health provide requirements which must be met before the test results become admissible as evidence. He argues that the appellee has the burden of showing that the Department has approved the methods used in conducting the test, the machine itself, and the person doing the testing and that the burden has not been met with respect to the machine and the individual conducting the test, Officer Sam McDonald. But the machine, according to Officer Wetzel's testimony, was certified in March 1978 and though some uncertainty is evident, he stated that the only time the machine lacked certification was a two-week period in 1979. As to whether Officer McDonald is or is not certified, the record is silent, but Officer Milan, who is certified, was present and witnessed the proceedings and this is sufficient, we believe, in a civil trial to warrant the admission of the evidence. Even in a criminal case, substantial compliance, rather than literal, is sufficient to render such evidence admissible. In a civil case, the barriers are lower still. *Munn v. State*, 257 Ark. 1057, 521 S.W. 2d 535 (1975).

Appellant cites us to *Newton & Fitzgerald v. Clark*, 266 Ark. 237, 582 S.W. 2d 955 (1979) and *Jones v. City of Forrest City*, 239 Ark. 211, 388 S.W. 2d 386 (1965). *Jones v. City of Forrest City* is a criminal case and *Newton & Fitzgerald v. Clark* is a civil case. Both cases involved the analysis of blood samples rather than breath. In *Newton* the flaws were two-fold: a laboratory technician rather than a licensed physician supervised the withdrawal of the blood as required by § 75-1045(C)(2) and evidently the method of testing lacked reliability. In *Jones* the major impediment to the admissibility was due to a gap in the chain of evidence, creating uncertainty as to whether the blood sample tested was

actually the sample taken from appellant. The court went on to find that there was no evidence that the method of testing was approved by either the State Board of Health or the Arkansas State Police Director as required by Ark. Stat. Ann. § 75-1031.1(C). The departure from the requirements of the statutes in these cases appears to be such that even substantial compliance is lacking, and on this basis the evidence was held inadmissible.

Appellant's second point is that even if a proper foundation were laid, tests for the presence of alcohol are designed for criminal proceedings and are not admissible in civil trials. He cites *Wilson* v. *Coston*, 239 Ark. 515, 390 S.W. 2d 445 (1965). But the error in *Coston* was that the trial court instructed the jury in a civil case that it was to presume that the appellant was under the influence of intoxicating liquor if the proof established levels of alcohol present in the blood as provided in § 75-1031.1. Here, the court gave no instruction to the jury regarding the results of the intoximeter test and, thus, the jury was not bound to a finding of intoxication, as in *Coston*.

Two decisions bolster the result reached here: *St. Paul Ins. Co.* v. *Touzin*, 267 Ark. 539, 592 S.W. 2d 447 (1980) and *Judy* v. *McDaniel*, 247 Ark. 409, 445 S.W. 2d 722 (1969). In *Touzin* we reversed the Court of Appeals and held that the results of a blood-alcohol test in substantial compliance with the requirements of the statute, § 75-1045 and 1046, and Health Department regulations, were admissible in evidence. *Touzin* was a Workers' Compensation case and, as such, subject to less stringent rules of evidence, but that distinction was addressed by the dictum: "... the testimony would have been admissible even under the more strict rules that prevail in a court of law. The statutes regulating blood-alcohol tests are primarily intended for criminal cases, but they are pertinent when such a test is used in civil litigation."

In *Judy*, a civil suit over personal injuries, the decision reached was that while it may have been error to admit testimony that Judy registered .12 on the intoximeter, it was not prejudicial to him in the light of his own admission that

he had consumed half of a six pack of beer and so not a ground for reversal. The same may be said of the facts of this case.

Rule 402 of the Uniform Rules of Evidence states that *all* relevent evidence is admissible except where otherwise provided by statute, or the rules of evidence applicable to the courts of this State. One of the issues of this case was appellant's sobriety at the time of the collision. The results of an intoximeter test administered immediately after the incident are plainly relevant to the issue. We find nothing in the rules or the statutes cited which excludes the evidence appellant objects to and the trial court properly admitted it.

The judgment is affirmed.

PURTLE and DUDLEY, JJ., dissent.

HOLT, J., not participating.

ROBERT H. DUDLEY, Justice, dissenting. The majority opinion holds that the result of a valid test of the alcohol content of one's blood, by weight and volume, is admissible evidence in a civil case. I concur with that substantive statement of law, but respectfully dissent from its procedural application in this case.

Officer McDonald administered the test, but did not testify. Officer Milan was in the room at the time McDonald administered the test. Milan was allowed to testify about the results of the test McDonald administered, even though Milan had no personal recollection of the results and relied on McDonald's writings for his testimony. This is hearsay testimony. By allowing it in evidence, the appellant was denied cross-examination on two important issues: first, whether McDonald was competent to administer the test and whether the testing machine was properly certified, and second, the manner in which McDonald administered the test and reached the result.

The majority of the members of the Court feel that the

hearsay objection was not properly made. If that is correct, the issue is waived. For a complete discussion of our rule and the exceptions to the lack of objections. see *Wicks* v. *State*, 270 Ark. 781 at 785, 606 S.W. 2d 366 (1980).

The appellant objected to "no proper foundation." "Hearsay" might have been a better objection, but "no proper foundation" was sufficient under these circumstances because the result is that evidence was admitted without showing that the method of testing and the test result were reliable.

Because I feel that the hearsay objection was not waived, I dissent from the majority's allowing the use of the intoximeter result in this case. However, I concur with the substantive statement of law given in this case.

I am authorized to state that Mr. Justice Purtle joins in this opinion.