W. C. NABORS COMPANY *v.* BALL CHEVROLET COMPANY.

4-6118                                   145 S. W. 2d 25

Opinion delivered December 2, 1940.

*Willis B. Smith* and *Ben E. Carter,* for appellant.

*George Edwin Steel* and *George R. Steel,* for appellee.

SMITH, J.   Agee Ball ordered a specially constructed truck body through the Ball Chevrolet Company which company acted as the agent of W. C. Nabors Company in accepting the order.  The order was accepted by Joe Ball, the manager of the Chevrolet Company.  Joe and Agee are brothers.  The Nabors company operates a manufacturing plant at Mansfield, Louisiana, where it fills orders of this kind.

When the truck was delivered, it was apparent that the body had not been constructed in accordance with

the specifications, and Agee testified that he declined to accept it, but that he was induced by his brother to try it out. This he did, but the truck was never accepted, although he retained possession of it for three and one-half months, at the end of which time Agee delivered the truck to the Chevrolet company and was repaid the purchase price of the truck body. The Chevrolet company thereupon sued its principal, the Nabors company, upon the refusal of the latter to refund, and from a judgment in favor of the plaintiff is this appeal.

At the plaintiff's request the court gave instructions numbered 1 and 3, reading as follows:

"1. If you find on a preponderance of the evidence that the defendant agreed to construct the truck bed for the plaintiff's customer according to certain plans and specifications and that said defendant constructed a bed, but the same was not in accordance with the plans and specifications agreed upon, and that plaintiff was damaged thereby, then you would find for the plaintiff and fix his damages at such sum as you may find the plaintiff suffered by reason of the defendant's breach of his contract, if any."

"3. You are instructed that if you find from a preponderance of the evidence that the defendant company accepted an order to construct a truck bed for Agee Ball of certain specifications and dimensions and that such sale was handled by and through the plaintiff company and that the truck bed delivered to the plaintiff or to Agee Ball was not constructed in accordance with directions and instructions and that the said Agee Ball declined to accept same and you further find that the plaintiff was damaged in the sum of $216 by reason of the breach of the contract upon the part of the defendant company, or by reason of defendant's failure to furnish a truck bed in accordance with the order, you will find for the plaintiff."

Numerous specific objections were made to the instructions, among others that they did not submit the question whether Agee, through his long retention and use of the truck body, had accepted it; nor did it submit

the question whether the Nabors company had been afforded a reasonable opportunity to make the truck body conform to the specifications. Testimony was offered on behalf of the Nabors company to the effect that the truck body did, in fact, conform to the specifications in accordance with which it had been constructed, and, further, that it offered, upon complaint being made, to make the truck body conform to what the purchaser said the specifications were, but that it was not afforded this opportunity.

At the request of the defendant the court gave an instruction designated B, reading as follows:

"If you find from the evidence that plaintiff took the truck body and used it and then, without good cause, refused to give defendant a reasonable opportunity to correct defects therein or to correct variations from the specifications, if you find there were such defects or variations, then the plaintiff is not entitled to recover the purchase price and you will find for the defendant."

But the trouble with the instructions is that B is in conflict with instructions 1 and 3, and but for this conflict we would have no hesitancy in affirming the judgment.

The parties to this litigation do not disagree as to the law of the case, in fact, they cite the same cases to support their respective contentions.

The purchaser is entitled to have delivered to him the article which he contracted to buy, and he cannot be compelled to accept another or a different one. When an article is bought on order, as was the truck body in this case, the purchaser is entitled to a reasonable opportunity to inspect and test the article purchased, and this he may do without being held to have accepted it. But, when that opportunity has been afforded, and has been exercised, he must then accept or reject. He cannot keep the article and use it and thereafter rescind his purchase. He is thereafter remitted to an action for damages. The defects, or, rather, variations from the specifications, were not latent, but were open and obvious. They related to the length and width of the truck body, and the

absence of wheel housing and the absence of braces in the center of the body of the truck bed.

The contract price of the truck body was $216 and the suit was brought to recover that sum, and the judgment was for that amount, so that a rescission was effected by the judgment from which is this appeal. Instruction numbered 3, above quoted, authorized the verdict, if the jury found the facts to be as required by instruction numbered 1, and these were only that the bed had not been constructed in accordance with the plans and specifications agreed upon. Instructions numbered 1 and 3 permit a recovery regardless of any finding which might have been made upon the issues submitted in instruction B. The instructions are, therefore, conflicting, and for this reason the judgment must be reversed. In the recent case of *Missouri Pacific Transportation Co.* v. *Howard, ante,* p. 6, 143 S. W. 2d 538, we said: "Cases upon the effect of conflicting instructions were reviewed by Justice BUTLER in the case of *Herring* v. *Bollinger,* 181 Ark. 925, 29 S. W. 2d 676, with his usual discrimination, and the rule announced in *St. Louis, Iron Mt. & S. R. Co.* v. *Rogers,* 93 Ark. 564, 126 S. W. 375, 1199, was approved as follows: 'An instruction which ignores a material issue in the case about which the evidence is conflicting and allows the jury to find a verdict without considering that issue, is misleading and prejudicial, even though another instruction which correctly presents that issue is found in other parts of the charge.'"

For this error the judgment must be reversed, and it is so ordered, and the cause will be remanded for a new trial.